JOSEPH C. DE WITT, PLAINTIFF IN ERROR, V. ALONZO
    D. ROOT AND EMERSON F. ROOT, DEFENDANTS IN
    ERROR.

Statute of Frauds: PROMISE NOT WITHIN STATUTE. The mother
    of A. was taken sick. A physician was called, who began to
    treat her. Upon his second visit she became dissatisfied and
    desired another physician. A. instructed the physician to pay
    no attention to the complaints of his mother, but to continue
    the treatment, and he would pay him for his services. Where-
    upon the physician continued to treat her; *Held,* That the prom-
    ise was not to answer for the debt of another, but was an origi-
    nal undertaking, and not within the statute of frauds.

ERROR to the district court for Saline county., Tried
below before MORRIS, J.

*Abbott & Abbott,* for plaintiff in error.

*Dawes, Foss & Stephens,* for defendants in error.

REESE, J.

Defendants in error are physicians. This action was
instituted for the purpose of collecting a balance due for
medical services rendered in the treatment of the mother
of plaintiff in error by and upon his employment and
promise to pay. The defense was a denial of the allega-
tions of the petition so far as the promise to pay was con-
cerned, and an allegation that the services were rendered
for his mother who was living upon her farm, and not
with him, and that he was not liable even if such a prom-
ise was made, it being within the statute of frauds. The
trial resulted in a finding and judgment in favor of defend-
ants in error for the sum of forty-four dollars. A motion
for a new trial was made upon the ground that the finding
was not sustained by sufficient evidence and was contrary

to law, which being overruled, plaintiff in error brings the cause into this court for review.

It is insisted by plaintiff in error that the finding that he made the promise is not sustained by sufficient evidence. Upon this part of the case it is enough to say that the testimony was conflicting, and the finding of the trial court will not for that reason be molested.

The next question is, assuming the employment and promise to have been made as testified to by the witnesses of defendants in error, can the judgment be sustained or is the promise void for the reason that it was to answer for the debt of another and was not in writing? From the testimony of one of the defendants in error and one other witness it appears that the mother of plaintiff in error was sick, and defendants in error were called to treat her. One of them, the senior member of the firm, visited her once prior to the time when the alleged agreement was made. On the second visit the patient expressed some dissatisfaction, and desired to be treated by a physician in a neighboring town, when plaintiff in error called the physician out of the house and requested him to pay no attention to the complaints of his mother, that she was nervous and "fussy," but to take such care of her as was necessary, and that he would pay him to do so, and that upon this request and promise the services for which the judgment was given were rendered, and that at other times during the rendering of the services he urged the physician to be attentive to her as might be necessary, frequently promising to pay the debt. So far as this testimony goes, it appears that the undertaking was an original one. The patient knew nothing of it and it was in no sense an undertaking to answer for her debt. It is insisted by defendant in error that the case is identical with *Rose v. O'Linn*, 10 Neb., 364, but we cannot so view it. In that case Rose promised to see that the doctor was paid. In this, if the testimony of plaintiff's witnesses is true, and of that the trial court was the

judge, the promise was direct and unconditional. In that case the patient was the hired laborer of the person making the promise, and in whom he had no special interest, while in this case the promise was prompted doubtless by the affection which a son is presumed to entertain toward a mother.

It is claimed the judgment is excessive. This question is not presented by the record and cannot be examined. The answer admits the rendition of the services, and no claim is made in the motion for a new trial that the judgment is excessive.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.