WILLIAM WATERS, PLAINTIFF IN ERROR, V. WILLIAM
F. SHAFER, DEFENDANT IN ERROR.

| 25 | 225 |
| f38 | 314 |

**Statute of Frauds:** PROMISE TO PAY DEBT OF ANOTHER. Where a merchant refused to sell goods on credit to a person desiring such credit, and after such refusal the father of the person to whom credit had been refused directed the merchant to furnish the goods as requested, and that he would pay for the goods so furnished, and where the goods were furnished upon the faith of that promise, such promise would be an original undertaking, and not within the statute of frauds as a promise to pay the debt of another. In such a case, an instruction that, if the promise was to see the goods paid for, and upon the faith of such promise the goods were furnished, that the promise would be binding, examined, and *Held*, That if not applicable to the evidence in the case, for the reason that the promise was an unconditional one, it was without prejudice.

ERROR to the district court for Richardson county. Tried below before BROADY, J.

*Isham Reavis*, for plaintiff in error, cited: *Morrissey v. Kinsey*, 16 Neb., 17. *Rose v. O'Linn*, 10 Neb., 364. *Mallory v. Gillett*, 21 N. Y., 412. *Clapp v. Webb*, 52 Wis., 641. *Langdon v. Richardson*, 12 N. W. Rep., 622. *Cole v. Hutchinson*, 26 N. W. Rep., 319. *Studley v. Barth*, 19 N. W. Rep., 568.

*E. W. Thomas*, for defendant in error, cited: *Grant v. Wolf*, 34 Minn., 32. *Sanders v. Classon*, 13 Minn., 379. *Maddox v. Pierce*, 74 Ga., 838. *Larson v. Jensen*, 53 Mich., 427.

REESE, CH. J.

This action was commenced before a justice of the peace of Richardson county, by defendant in error against plaintiff in error and his two sons, upon an account for goods sold by defendant in error to them.

William Waters, father of Jacob and Conrad, filed for answer a general denial. Jacob and Conrad Waters made no defense. The cause was removed to the district court by appeal, where it was tried, as between defendant in error and plaintiff in error, to a jury, who returned a verdict in favor of defendant in error for the amount of his claim.

There is sufficient in the evidence which was submitted to the jury to sustain a finding by them that plaintiff in error and his two sons resided together upon a farm; that the sons desired credit of defendant in error, who was a merchant, but which was refused unless plaintiff in error would become liable for the payment of the debt; that he consented to become so liable, agreeing to pay the debt, and that the goods were furnished upon the faith of his promise.

The testimony of Lankford Shafer, son of defendant in error, was to the effect that his father was unwilling to give credit to plaintiff's sons, and that he, the witness, asked plaintiff in error if he would assume the liability, and he said, " Let the boys have what goods they wanted, he would pay for them."

It is true that the books show charges made to the person who obtained the goods, but this is explained as being for the purpose, only, of being able to identify the purchaser, should any question arise as to the sale. We have no doubt that an agreement of the kind as is testified to by the witness for defendant in error would constitute an original undertaking, upon the part of plaintiff in error, and would not be within the statute of frauds. It was not a promise to pay the debt of another. The debt did not exist at the time the promise was made; no reliance was placed upon the credit of the sons of plaintiff in error. No credit was given to them. *Sanders v. Classon*, 13 Minn., 352. *Grant v. Wolf*, 34 Id., 32. *Maddox v. Pierce*, 74 Ga., 838.

Upon the trial the court gave the jury the following instructions:

"If the jury find from the evidence that William Waters told the plaintiff to let his sons have the goods for which this action was brought, and he would see plaintiff paid therefor; and further, that plaintiff did, upon the faith of such promise, let the sons have such goods, then the promise of William Waters was an original promise, and he would be bound thereby."

This instruction was excepted to, and the giving of it is now assigned for error.

It is insisted that the rule stated in this instruction is clearly wrong, both as being against the law of the case and that there was no evidence adduced to which it could legally apply. As we have said, there was sufficient evidence to sustain a finding that plaintiff in error agreed, unconditionally, to pay for the goods.

It would, therefore, appear, there being no evidence that plaintiff in error agreed to see defendant in error paid for the goods, that the instruction ought not to have been given in the language used. But this certainly could work no prejudice to plaintiff in error. If the instruction had been, that if plaintiff in error had told defendant to let his sons have the goods and he would pay him for them, that such a promise, being the basis of the credit given, would be an original one, it would have been correct.

The issue made by the defendant in his answer was, that he made no promise, either to see the debt paid, or to pay it; or, stated differently, the issue presented by him is not as to the *kind* or character of a promise, but that no promise of any kind was made. If the promise was made, therefore, it was a direct one—to pay for the goods. This being so, the instruction could not have injured the plaintiff in error, as he denies making any promise whatever.

The case does not fall within the rule stated in *Mor-*

*rissey v. Kinsey*, 16 Neb., 17, nor of *Rose v. O'Linn*, 10 Neb., 364, for the reason that, in those cases, the credit was not given upon the faith of the promise. In *Morrissey v. Kinsey*, the contract for doing the work had been let to a third party, for whom Kinsey was laboring. The debt was the debt of a third party. The contract of Morrissey was to see that debt paid. It was clearly to answer for the default of another. In *Rose v. O'Linn*, a person had been injured, and to whom, as his surgeon, O'Linn had been called. He had traveled a long distance, and had adjusted and set the fractured limb. After this and after a material and important portion of his services had been rendered, Rose voluntarily stated to him that he would see that he was paid. There was nothing in the case to show that Dr. O'Linn rendered any services to the injured person upon the faith of Rose's promise. Nor was it shown that the services would not have been rendered except for such promise. The instruction under consideration presents quite a different case. As presented to the jury it was, that if plaintiff in error directed defendant in error to let his sons have the goods, which he otherwise would not have done, that he would see that they were paid for; and the goods were afterwards furnished on the faith of his promise, the promise would be binding. We think the district court did not err in giving the instruction.

No error appearing upon the face of the record, the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.