CHARLES F. BARRAS ET AL. V. POMEROY COAL COM-
PANY.

FILED NOVEMBER 8, 1893.    No. 4928.

Statute of Frauds: ORIGINAL PROMISE TO PAY FOR GOODS DE-
LIVERED TO A THIRD PERSON. B. & C. had a contract for
the construction of a school building, and sublet a part of the
work to one J. B. & C. and the P. C. Company then entered into
a verbal agreement, by the terms of which the P. C. Company
was to furnish J. such material as he might need in said work,
present the bills therefor to J., for his O. K., and thereupon B.
& C. were to pay them. *Held*, An original promise on the
part of B. & C., and not a promise to pay J.'s debt. *Waters
v. Shafer*, 25 Neb., 225, and *Lindsey v. Heaton*, 27 Neb., 662,
followed.

ERROR from the district court of Lancaster county.
Tried below before TIBBETS, J.

The facts are stated in the opinion.

*Atkinson & Doty*, for plaintiffs in error:

A promise by Chidester & Barras to pay orders given
by Mr. Johnson in favor of Pomeroy Coal Company
would not take the case out of the statute of frauds; and
if made as stated by plaintiff, would only be collateral.
(*Manley v. Geagau*, 105 Mass., 445; *Preston v. Young*,
46 Mich., 103; *Foster v. Napier*, 74 Ala., 393; *Wills v.
Ross*, 77 Ind., 1; *Langdon v. Richardson*, 58 Ia., 610;
*Welch v. Marvin*, 36 Mich., 59; *Cole v. Hutchinson*, 34
Minn., 410; *Vaughn v. Smith*, 22 N. W. Rep. [Ia.], 684.)

So long as the original debt remains payable by the
debtor to his creditor, any agreement by which any other
party promises to pay the debt is within the very letter of
the statute. (*Hooker v. Russell*, 67 Wis., 257; *Clapp v.
Webb*, 52 Wis., 638; *Lantz v. Pearce*, 101 Ind., 595;
*Langdon v. Richardson*, 58 Ia., 610.)

If the original liability remains and the promise of Chidester & Barras was made as that of sureties, it would be a collateral agreement, whatever the intent of the party at the time of making it. (*Mitchell v. Griffin*, 58 Ind., 559; *Palmer v. Blain*, 55 Ind., 11; *Gill v. Herrick*, 111 Mass., 501.)

*Talbot & Bryan, contra:*

The evidence is conclusive that no debt or obligation had been created previous to the promise of Chidester & Barras; and therefore the promise of Chidester & Barras was not a collateral, but an original undertaking. (*Lindsey v. Heaton*, 27 Neb., 668; *Waters v. Shafer*, 25 Neb., 225.)

RAGAN, C.

The Pomeroy Coal Company sued Charles F. Barras and William J. Chidester in the district court of Lancaster county, and in their petition alleged: "The plaintiff complains of the defendants and for cause of action alleges that the defendants are indebted to the plaintiff in the sum of $161.77 on account of goods and material sold and delivered by plaintiff to the defendants at their special instance and request."

Barras & Chidester answered as follows: "The said defendants, in answer to the petition of the plaintiff, say that at the time the plaintiff alleges that it sold the certain goods and material to the defendants, the defendants were acting and doing business together as contractors and builders under the firm name of Barras & Chidester. Said defendants deny each and every allegation contained in said petition."

There was a verdict and judgment for the coal company, and Barras & Chidester bring the case here.

It appears from the record that Barras & Chidester were partners and had a contract for building a school house in

the city of Lincoln, and that one Johnson had subcontracted the work from Barras & Chidester. The coal company's evidence was positive to the effect that it refused to credit Johnson, and made an agreement with Barras & Chidester by which the coal company was to furnish Johnson such material as he wished for use in the construction of said school house; have him O. K. the bills, and they, Barras & Chidester, would pay them; that the coal company gave the credit to Barras & Chidester, made out bills from time to time against Johnson for materials furnished, presented them to him, he O. K.'d them, and thereupon Barras & Chidester paid them. The bill sued for here was so presented and O. K.'d, but payment refused. On the other hand, Barras, the only witness for Barras & Chidester, positively denied the making of the contract with the coal company to pay for materials used by Johnson in the building. Barras admitted paying bills to the coal company O. K.'d by Johnson, but claims he did so because Barras & Chidester at the dates of such payments were indebted to Johnson. Barras & Chidester assign here six errors :

First—"The court erred in permitting the coal company to put in evidence on the trial the bills for material made out against Johnson." The bills put in evidence and objected to were the statements for the material sued for in this action, and only so much of them was offered as referred to the O. K. of Johnson, and his order on Barras & Chidester to pay. The objection of counsel for Barras & Chidester was: "Objected to because, in the first place, it assumes that we agreed to pay them, and one of our principal defenses is that we did not agree to pay them; and if there is any agreement to assume the obligations of another, it must be in writing." The coal company's evidence was that it sold the material to Barras & Chidester and was to furnish it to Johnson, procure his O. K. of the bill, and then Barras & Chidester were to pay it. That part of the

statements showing Johnson's O. K. was competent evidence and properly admitted. The fact that the statements show on their face that they were made out against Johnson, was a circumstance in no way prejudicial to Barras & Chidester.

Second—"The court erred in overruling defendant's objection to any testimony being received touching the agreement of Barras & Chidester to pay for material to be furnished James Johnson because the agreement so to do was not in writing." The evidence of the coal company, and all its evidence, was to the effect that Barras & Chidester's promise was not to pay a debt of Johnson's then in existence, nor yet one he might thereafter contract; but whatever material Johnson procured from the coal company for use in the school house, Barras & Chidester were to pay for. The only thing Johnson had to do with it was to certify to the correctness of the amount of material and its price. This evidence did not show, or tend to show, the promise on the part of Barras & Chidester to pay Johnson's debt, but their own. (*Waters v. Shafer*, 25 Neb., 225; *Lindsey v. Heaton*, 27 Neb., 662.)

Third—"The court erred in overruling the defendant's offer to put in evidence a contract between James Johnson and Barras & Chidester, in which the said Johnson agrees to furnish all the brick, mortar, and sand for a certain building known as the 'Cherry Street School Building.'" The record discloses the following reason of counsel for offering to put in evidence this contract: "The defendants offer the contract between James Johnson and Barras & Chidester in evidence to show that the plaintiff, knowing there was a written contract between Johnson and Barras & Chidester, had no legal right, under the terms of said contract, to charge the firm of Barras & Chidester with material furnished Johnson to be used on the school house." This contract did not tend to prove Barras & Chidester's case; nor did it tend to refute the coal com-

pany's case.  It was immaterial as evidence and properly excluded.

Fourth—This is the same as the third.

Fifth—"The court erred in admitting that part of Mr. Lemist's evidence as to what Mr. Barras said in regard to paying for material furnished Johnson."  After repeated readings of the bill of exceptions, we have been unable to find any objections made at the trial to Lemist's evidence as to what Barras told him.

Sixth—"The verdict is not sustained by the evidence." We cannot better express our own opinion of the merits of this assignment of error than to quote an instruction given to the jury by the learned judge who presided at the trial.  It is as follows: "The testimony on behalf of the defendants supports the defendants' theory of the case, and the testimony on behalf of the plaintiff supports the plaintiff's theory of the case; and it reduces itself, so far as you are concerned, to decide upon the reliability of the testimony of each of the parties."

There is no error in the record.  The judgment of the district court is

AFFIRMED.