## ALTKRUG et al. v. HOROWITZ.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

**1. ATTORNEY AND CLIENT—ACTION FOR FEES—EMPLOYMENT—EVIDENCE—SUFFICIENCY.**

In an action by attorneys against a married woman for legal services, there was evidence that after defendant was made a party in an action against her husband, the husband told the attorneys in defendant's presence to go ahead and defend her, and that she did not join the conversation, but must have heard it. It was undisputed that an answer which was prepared for her was never subscribed by her and defendant, and her husband testified that she was not present at the conversation referred to. *Held,* that the evidence was insufficient to show that defendant ever employed plaintiffs.

**2. WITNESSES—EXAMINATION—NARRATION.**

When counsel objects to a narration by a witness, he has the right to have the testimony elicited by question and answer, in order that he may protect his client by objection rather than by motion to strike out.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 816.]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Louis J. Altkrug and another against Rose Horowitz. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Mark D. Goodman, for appellant.

Jacob W. Kahn, for respondents.

PER CURIAM. The action is for legal services. A suit was brought in the Supreme Court against the defendant's husband. When it came to trial it was marked off the calendar for a defect of parties, and the plaintiff sent to Special Term to move to bring in the defendant, who thereupon was brought in. The case was finally settled without trial. One of the plaintiffs testifies that he had been retained in that suit by the husband at the outset, and that at or about the time the defendant was brought in, the husband, in the presence of the defendant, told him "to go ahead and defend her," and that she did not join in the conversation, but must have heard it. He testifies that he thereafter prepared an answer for her, and that he had one consultation. On the other hand, the defendant testifies that she gave the summons and complaint served upon her to her husband, for his attention; that she never was present at any conversation when her husband told the plaintiff to go ahead and defend her, or made any similar remark, and that she never subscribed any answer in that suit. Her husband corroborates her. It does not appear that any claim was ever made upon the defendant until just before this action was begun.

We think that the proof fails to establish liability on the part of the defendant. Subsequent to the time of the alleged retainer by effect of her silence, there is no testimony that estops her. There are no facts shown as to any communication made to her, or as to any services rendered which should have caused her to suppose that she was liable therefor. The plaintiffs must therefore rest upon her alleged silence at the alleged interview. Of course agency may be implied from conduct and acquiescence on the part of the alleged principal. But the evidence is not sufficient under the circumstances of this case to apply that principle. This was primarily an action against the husband; these plaintiffs were then his attorneys and had received his retainer; and even if the husband did tell one of them in the wife's presence to go ahead and defend it for his wife, it is more than doubtful whether her silence is sufficient to imply his agency to retain them as her attorneys so as to charge her with liability for services in that suit. Certainly, in the face of the testimony of the defendant and of his wife to the contrary, the plaintiffs have not sustained the burden of proof. There is every indication that the services rendered to the defendant were such as would have been rendered to the husband as entirely incidental to the protection of his interests if he had remained the sole defendant, save the preparation of the answer, which the defendant testifies without contradiction that she never subscribed. The fact that the husband is in bankruptcy may be some indication why this action was brought against his wife, for there is no satisfactory evidence that the action against her was not an afterthought. Some exceptions taken to rulings on the evidence are open to criticism; but, in view of the new trial, it is not necessary to discuss them, as they are to be criticised not for radical error, but for unduly limiting the inquiries of the defendant. One, however, may be noted. We think that when counsel objects to narration by a witness he has the right to have the testimony elicited by question and answer, in order that he may protect his client by objection, rather than by a motion to strike out.

Judgment reversed, and new trial ordered; costs to abide the event.