MABEL P. OGDEN, APPELLEE, V. SOVEREIGN CAMP, WOOD-
MEN OF THE WORLD, APPELLANT.*

FILED APRIL 18, 1907. No. 15,008.

1. **Insurance: RIGHTS OF BENEFICIARIES.** Where the members of a
fraternal beneficiary association have the right to designate and
change the beneficiary, the beneficiary is not a party to the con-
tract and acquires no vested right therein during the life of
the assured.

2. **Evidence: DECLARATIONS AGAINST INTEREST.** In an action against
such association for the amount of a beneficiary certificate,
where the issue is as to the good standing of the assured at the
time of his death, the statements of the deceased tending to
show his understanding of his standing in the order are admis-
sible in evidence in favor of the association.

APPEAL from the district court for Douglas county:
LEE S. ESTELLE, JUDGE. *Reversed.*

*Brome & Burnett,* for appellant.

*Joel W. West,* contra.

JACKSON, C.

The plaintiff had judgment for the amount of a bene-
ficiary certificate covering the life of her deceased hus-
band. The society, a fraternal beneficiary association,
defended on the ground that at the time of the death of
the assured he was not in good standing, having been
suspended for nonpayment of assessments. It appears
without dispute that in 1902 the deceased had been sus-
pended, but was reinstated under the laws of the asso-
ciation upon a certificate of good health and payment of
certain assessments and dues. The controversy over the
good standing of the assured arises over a dispute as to
whether the reinstatement occurred in the month of De-
cember or in November. 1902. If he was in fact rein-

---

* Rehearing allowed. See opinion, p. 806, *post.*

stated in the month of December, then, by a proper application of the amount paid by him at that time, and subsequent payments, he was in good standing at the time of his death.  If the reinstatement occurred in the month of November he was in arrears, and the beneficiary could not recover.  The payment made by the deceased at the time of his reinstatement was credited on the books of the local camp on the 25th day of November.  The clerk of the camp identified a statement of the amount required of the insured to secure his reinstatement, which he says was given to the insured by his authority.  It is headed "December, 1902.  Reminder to pay within the month, Sovereign Jurisdiction, Woodmen of the World.  Assessment No. 147. To Chas. Ogden: You are hereby reminded that there is due on the first day of December, 1902, and payable to the clerk of your camp, assessment No. 147, emergency fund, dues and Sovereign Camp and camp dues, as stated below, which must be paid on or before January 1, 1903." He testified that the reminder was on a regular form provided by the Sovereign Camp, and was sent out on the 1st of the month, or soon after the 1st of the month, during which payment would be required, and that the reminder was probably sent after December 1.  The contention of the society that the payment and reinstatement occurred in November is supported by the health certificate dated November 25.  The defendant undertook to supplement this evidence by an offer to prove by the assistant in the camp clerk's office that in the month of January, 1904, a few days prior to the death of the insured, he called at his office and advised him that he had become suspended on the 1st of January for the nonpayment of the December assessment, and informed him of the amount necessary for him to pay to reinstate; that the insured told him at that time he did not have the money to make the payment, and thought possibly he would drop the insurance.  This offer, on objection, was denied by the trial court, and is assigned as error on appeal.

In the rejection of this evidence we think the court

erred. We do not overlook the rule that in ordinary life insurance, where a vested interest passes to the beneficiary and the assured ceases to be a party in interest, it is generally held that the admissions or statements of the assured are not admissible as against the beneficiary; but where, as in this case, the contract is between the society and a member, and where the naming of the beneficiary is always under the control of the assured up to the time of his death, a contrary rule prevails. *Van Frank v. United States M. B. Ass'n,* 158 Ill. 560; *Hansen v. Supreme Lodge,* 140 Ill. 301; *Life Association v. Winn,* 96 Tenn. 224. The facts which the defendant sought to prove were important as tending to show the understanding of the deceased as to his standing in the order.

For the error of the trial court in rejecting the evidence offered, it is recommended that the judgment be reversed and the cause remanded for further proceedings.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

The following opinion on rehearing was filed October 16, 1907. *Former judgment of reversal adhered to:*

1. **Trial:** QUESTION FOR JURY. Where the facts are disputed, it is solely the province of the jury to determine the same; and, whether the facts be disputed or undisputed, if different minds might honestly draw different conclusions from them, the case is properly left to the jury.

2. **Evidence:** STATEMENTS: RELEVANCY. A statement made by a party or his privy, suggesting any inference as to any fact in issue, or relevant fact unfavorable to the conclusion contended for by such party, is relevant, and should be permitted **to go to** the jury.

3. ———:  CUMULATIVE EVIDENCE.  Testimony tending to establish a
relevant fact may not be excluded as cumulative because similar,
but independent, facts are already in evidence.

CALKINS, C.

The former opinion in this case is reported *ante,* p. 804.
It contains a sufficient statement of the facts, and will be
referred to without recapitulating them here.  The for-
mer decision reversed the judgment of the district court
for error in excluding testimony offered as to the admis-
sion made by the assured shortly before his death.  A re-
hearing having been ordered, the case has again been
argued and submitted.  Upon the rehearing the defendant
very earnestly renews its contention that the trial court
erred in refusing to direct a verdict for the defendant
upon the ground that the evidence received at the trial
was such that the court should have determined as a
matter of law that the assured was suspended for the
nonpayment of the December assessment at the time of
his death, and consequently that no recovery could be had
upon the certificate in suit, and complains that this ques-
tion was not discussed nor determined in the original
opinion.  The plaintiff now concedes the correctness .of
the opinion in so far as it determines that admissions
which would be relevant against the personal representa-
tive of the assured are admissible against the beneficiary,
where the naming of the beneficiary is under the control
of the assured up to the time of his death, but contends
that the testimony offered by the defendant, and ex-
cluded upon the plaintiff's objection, does not suggest
any inference as to any fact in issue inconsistent with the
claim of the plaintiff.

1. Where the facts are disputed, it is solely the prov-
ince of the jury to determine the same: And whether the
facts be disputed or undisputed, if different minds might
honestly draw different conclusions from them, the case is
properly left to the jury.  *Atchison & N. R. Co. v. Bailey,*
11 Neb. 332; *Rosewater v. Hoffman,* 24 Neb. 222; *Habig*

*& Spiler v. Layne*, 38 Neb. 743; *Brownell & Co. v. Fuller*, 60 Neb. 558. It is conceded by both parties that the sole controversy in this case is whether the payment of $12.50 by the assured for reinstatement was made in November or in December, 1902. We think it fair to say that the testimony of Mr. Crawford and the physician's certificate would have been sufficient to establish the fact that the payment was made on the 25th day of November, if there had been no other or further evidence. We think it equally fair to say that, if there had been no other testimony upon this question than the reminder dated December 1, 1902, and found in the effects of the assured, that paper would have been sufficient to establish the fact that this payment was not made until after the 1st day of December, 1902. The reminder made by the clerk of the camp is inconsistent with the dates in his books, upon which his testimony was based, and he does not attempt to explain or reconcile the discrepancy. It is suggested by the counsel for the defendant that this reminder might have been made in November, at the time of the payment, as a convenient method of making a statement of the amount necessary to reinstate. It has also been suggested that the payment might have been made in December, and entered upon the books of the clerk of the camp under the date of November 25 in order to conform to the date of the physician's certificate. But there is no proof to support either of these theories. They are merely conjecture. We have already seen that where contradictions must be reconciled, or where conflicting inferences may be drawn from facts proved, this duty devolves upon the jury, and not upon the court, and it follows that the court below properly submitted the question as to the date of this payment to the jury for its determination.

2. Whether the court erred in the rejection of the offer to prove the admission of the assured, made a few days before his death, was at the first hearing argued, and by the court determined, as a question of whether the admis-

sions of the assured were relevant as against the bene-
ficiary. It is not now contended by the plaintiff that the
statements of the assured should have been excluded on
the ground that his admissions would not be binding upon
the beneficiary; but it is now argued that the facts em-
bodied in the defendant's offer were not material. The
testimony offered, if relevant, must be so under the rules
relating to admissions of parties. An admission is de-
fined as a statement, oral or written, suggesting any
inference as to any fact in issue, or relevant fact un-
favorable to the conclusion contended for by the person
by whom or on whose behalf the statement is made.
Stephen, Digest of Law of Evidence, art. XV, ch. IV, pt.
I. It will be observed that the statement or act should
be self-disserving, or of such a character that from it some
inference may be fairly drawn to the party's prejudice.
1 Jones, Evidence, sec. 237. The offer to prove was that
the witness, in the month of January, 1904, and some days
preceding the death of the assured, called on him at his
office and informed him that he had become suspended
the 1st day of January, 1904, for the nonpayment of the
December, 1903, assessment, and of the amount necessary
for him to pay to be reinstated; that the assured told the
witness that at that time he did not have the money to
make the payment, and thought possibly he would drop
the insurance. There is, therefore, presented the ques-
tion whether there was anything in the statement or act
of the assured that suggested any inference unfavorable
to the conclusion contended for by the plaintiff. The
claim of the plaintiff was that the assured made the pay-
ment to be reinstated in December, 1902, and that there
was included in that payment one back assessment more
than was chargeable under the rules of the organization.
It is not anywhere contended that the assured ever paid
the December, 1903, assessment as such, but that it was
to be treated as being paid by the over-collection of this
one assessment, in 1902. If it were conclusively estab-
lished that the assured made the payment in December

instead of November, 1902, his state of mind upon that subject, or any admission he might make, would be immaterial; but, since the date of the payment to reinstate is itself in dispute, does not the failure of the assured to claim credit to which he would be entitled if the payment was made in December have some bearing upon the fact of whether it was actually made at that time? Might it not be argued that, if the assured had made the payment in December, he would naturally have known that he had the amount of this one assessment to his credit? We are aware that it might be said that the assured, careless in financial matters, would be likely to pay what was demanded, and remain ignorant of any overcharge; but it is not a question of whether the inference which might be drawn from a fact withheld from the jury could be overcome by other circumstances, or by inferences drawn from other facts. The weight of the testimony is not to be considered in determining its relevancy. We cannot escape the conviction that the evidence offered suggested an inference unfavorable to the conclusion contended for by the plaintiff, and therefore that it was admissible under the rule we have quoted.

3. The plaintiff argues that the payment of the assessments made by the assured after his reinstatement in 1902, and prior to the December, 1903, assessment, was proof that he did not know or understand that he had the amount of this one assessment to his credit, and that the evidence offered was therefore cumulative, and its rejection not reversible error. We do not understand this evidence to have been cumulative within the meaning of the rule which permits a trial judge to limit the introduction of such testimony. If the fact offered had already been testified to by other witnesses, then the testimony offered would have been cumulative, and the court might, in the exercise of its discretion to limit the number of witnesses, have excluded the evidence upon that ground. We do not understand the rule to be that evidence of a relevant fact can be excluded upon the ground that other

similar, but independent, facts are already before the court, and the plaintiff cites neither principle nor authority to sustain her contention upon this point.

We therefore recommend that the former judgment of this court be adhered to, the judgment of the district court reversed, and the cause remanded for further proceedings.

AMES and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former judgment of this court is adhered to, the judgment of the district court reversed, and the cause remanded for further proceedings.

REVERSED.