## BILBY v. OWEN.

No. 7897—Opinion Filed Jan. 13, 1919.

(181 Pac. 724.)

1. **Appeal and Error—Appealable Orders—Settlement of Case-Made.**

The order of the trial court settling a case-made is not appealable, and objections thereto present nothing for this court to consider.

2. **Pleading—Trial — Answer—Inconsistent Defenses—Submission of Issues.**

While the defendant set out in his answer inconsistent defenses, yet the trial court is not warranted in submitting any issue to the jury which there is no evidence to support.

3. **Trial—Instruction—Statute of Frauds—Evidence.**

Where the defendant is sued on alleged original oral promise to repay money furnished to another at the instance and request of the defendant, and the only issue presented by the evidence is as to whether or not any promise at all was made, there being no evidence that such promise, if made, was to answer for the debt, default,

or miscarriage of another, the statute of frauds is not involved, and the court should not instruct the jury as to such statute.

**4. Trial — Instructions — Weight of Evidence.**

The court in its instructions to the jury, should not call attention to particular facts in evidence in such a manner as to amount to an intimation of the court's opinion as to the weight of the evidence.

**5. Evidence — Opinion and Conclusion — Argument.**

Where one of the parties to a cause is an attorney at law and takes the stand as a witness in his own behalf, he is governed by the same rules as any other witness, and should not be allowed by the court to give opinions and conclusions or make argument while testifying, on the theory that he is an attorney and appearing for himself as such.

(Syllabus by Stewart, C.)

Error from District Court, Muskogee County; R. P. De Graffenried, Judge.

Action by John S. Bilby against Robert L. Owen. Judgment for defendant. and plaintiff brings error. Reversed and remanded, with instructions to set aside the judgment rendered, and to grant a new trial.

J. C. Stone, Charles A. Moon, and Francis Stewart, for plaintiff in error.

W. W. Noffsinger and Y. P. Broome, for defendant in error.

Opinion by STEWART, C. Action was brought by John S. Bilby against the defendant, Robert. L. Owen, for the sum of $11,599.29, alleged balance due by defendant to plaintiff for money furnished by plaintiff for the use and benefit of the Indian Land & Trust Company at the special instance and request of the defendant, and which is alleged to have been furnished by the plaintiff on the original oral promise of the defendant to repay the same. The defendant answered by general denial and by pleading the statute of limitation and the statute of frauds. Trial being had before a jury, verdict was returned for defendant. after which the court rendered judgment in accordance with such verdict. The plaintiff duly appealed to this court.

We are met at the threshold by a motion of defendant in error to' dismiss the appeal for the alleged reason that the case-made does not contain all the evidence necessary for a full and complete consideration of the case. The motion to dismiss sets up the objections to the case-made and suggestions of amendment filed with the trial court, together with the finding of the trial judge. The objections and suggestions each were overruled, except suggestion No. 6, relating to exhibit No. 9, claimed by defendant to have been offered in evidence, which exhibit the judge found to be lost and not capable of being produced. The case-made was thereupon settled. We do not understand how any error of the trial court may be considered by this court in the absence of a petition or cross-petition in error. Nor can the action of the trial court or judge in settling a case-made be reviewed by this court. When a party deems himself aggrieved by the action of the trial judge in refusing to include in a case-made suggestions offered. such party, under authority of section 5249, R. L. 1910, may make proper affidavit and have a special judge hear the evidence and make order with reference to the facts. The defendant has not availed himself of the remedy afforded by statute. The trial court, in settling the case-made. determined what were the facts and the matters necessary to be incorporated. The order of settlement necessarily included a finding against the suggestions made or that they were not material, and the law does not authorize a review of such action by this court. The fact that one of the exhibits was lost and could not be supplied would not avail the defendant, but such fact, if the lost exhibit were necessary to a proper consideration of the error urged, would entitle the plaintiff to a new trial on account of impossibility to make a case-made; he being without fault. We may further add that an examination of the record before us discloses that the case-made contains all the evidence necessary to determine the decisive questions raised in the appeal. The motion to dismiss is denied.

The court gave voluminous instructions to the jury concerning the statute of frauds. The defendant in his answer denied that he made any contract at all to repay the money furnished by the plaintiff to the corporation. He also invoked the statute of frauds. The pleas are inconsistent. The plea of the statute of frauds involves an admission that defendant agreed to repay the money, being merely an effort to escape liability on the ground that the promise was to answer for the debt, default, or miscarriage of another. not being in writing and not to be performed within one year. While it is true that under the rule prevailing in this jurisdiction, inconsistent defenses may be offered, and the defendant was within his legal rights in pleading the same, however inconsistent, yet the trial court was not warranted in submitting to the jury any defense pleaded unless there was evidence raising an issue

as to such defense. In order to determine whether or not the defendant was entitled to instructions on the statute of frauds, a brief resume of the evidence is necessary.

The corporation was organized by the defendant, and afterwards a two-third interest in the capital stock originally issued was sold to John S. Bilby, the plaintiff, and his son, N. V. Bilby; the defendant retaining a one-third interest in such issue of capital stock. The defendant was made president, the plaintiff vice president, and N. V. Bilby secretary-treasurer. It appears that the plaintiff was a man who controlled considerable money, and by agreement of all concerned he furnished at divers times various sums of money for the use of the corporation in purchasing and improving Indian land and leases, in which business the corporation was engaged, under agreement for each stockholder to become liable for one-third of the total sums so furnished; the defendant agreeing to repay the plaintiff one-third of such sums. A settlement was had when the amounts furnished had reached $20,000, the defendant executing his note to the plaintiff for one-third of such sum, which was afterwards paid, the issue of capital stock of the corporation being increased by $20,000, the defendant and the Bilbys each receiving one-third of such additional issue. The corporation seemed to be thriving, but had most of its funds invested and the opportunities for increased profitable purchases were in sight. More money was needed. The plaintiff had the money, and from time to time furnished it to promote the business of the corporation. He claims to have furnished the additional moneys because of the original agreement, still in force, between the stockholders, including the defendant, that each was to furnish and become liable for one-third of the money used, the plaintiff to advance all of the money, and the defendant to repay him one-third of such sums furnished. He also claims that the defendant made additional specific agreement to become liable and to repay his part of such money according to the capital stock owned by him, that is to say, one-third of the sums furnished: that such one-third was furnished by agreement with the defendant solely on the credit of the defendant, and not on the credit of the corporation. He asserts that afterwards the defendant refused to comply with the agreement to pay and on such account is indebted to the plaintiff in the sum of $11,-599.77. Aside from such construction as may be placed on the answer filed, the defendant does not claim that he agreed to answer for the debt, default, or miscarriage of the corporation, and there is no evidence whatever to such effect. The testimony of the plaintiff and his son was that one-third of the money was furnished, by agreement with the defendant, on the credit of the defendant alone, and not on the credit of the corporation. The testimony of the defendant was adverse to his plea of the statute of frauds. He was emphatic in denying that any contract was made by which he agreed, orally or otherwise, to become liable for any sum of money furnished to the corporation, whether on the credit of the corporation, or on his own credit. Neither the testimony offered by the plaintiff nor that offered by the defendant tended in any wise to support the plea of the statute of frauds. The issue raised by the evidence is in accord with the issue defined in Waters v. Shafer, 25 Neb. 225, 41 N. W. 181, in which the court says:

"The issue made by the defendant in his answer was that he made no promise either to see the debt paid or to pay it; or, stated differently, the issue presented by him is not as to the kind or character of the promise, but that no promise of any kind was made. If the promise was made, therefore, it was a direct one to pay for the goods."

In the case just cited the court had in mind the issue raised by the answer, but it is not inaccurate to observe that an issue set forth in a pleading, without evidence to support it, has no more force than it would have had, not having been pleaded. From Geary v. O'Neil, 73 Ill. 593, we quote:

"It is also objected that the court erred in refusing to give appellant's sixth instruction. That instruction had no evidence to support it. It proceeded upon the theory that, if a promise was made by appellant, it was to pay a debt of his brother. The defense was that appellant never promised to pay for the goods in any manner, but that they were sold and delivered to James, and that the credit was alone given to him. There was not, so far as we can see, any defense that the promise was collateral, but it denied any promise of any description. Instructions must be based on the evidence, and announce correctly the principles, to entitle them to be given."

The evidence in the case at bar presents no issue as to the kind and character of promise; the only issue, under the evidence, being whether or not any promise at all was made by the defendant. If it should be found that he made any promise, such finding, of necessity, would have its foundation in the testimony of the plaintiff and his son, which is to the effect that the promise was original, and not collateral, and in such case the defendant would be liable. If the great-

er weight should be given to the defendant's testimony, the defendant would not be liable because of the finding that he made no promise at all, not because of evidence showing that there was a collateral promise, for there is no such evidence. The trial court erred in submitting to the jury the question of the statute of frauds.

We will now consider such of the court's charge on the statute of frauds as is necessary in order to ascertain whether the error of the court was prejudicial. Paragraph 8 of the instructions reads:

"You are instructed that, if you find from the evidence in this cause that the plaintiff, John S. Bilby, had the right to elect whether he would hold the defendant, Robert L. Owen, the promiser, in regard to the alleged agreement between the plaintiff and the defendant that defendant would repay plaintiff one-third of all moneys advanced by plaintiff to the Indian Land & Trust Company, or hold the corporation for whose benefit such alleged promise was made, in this case the Indian Land & Trust Company, then and in such event the alleged promise is within the statute of frauds, and cannot be enforced by plaintiff in this action."

Paragraph 9 is in the following words:

"You are instructed that the mere fact that the defendant, Robert L. Owen, was a stockholder in the Indian Land & Trust Company, does not make him personally liable for any of the debts of the said corporation nor does this fact make him liable for the purpose of plaintiff's demand. The Indian Land & Trust Company was a corporation authorized to contract and to be contracted with, and was liable for its debts or obligations, and if it received and used the money which plaintiff is suing for, it is liable to the plaintiff for such sums of money."

The latter part of paragraph 9, in which it is said that, if the corporation "received and used the money which plaintiff is suing for, it is liable to the plaintiff for such sums of money," is clearly prejudicial error. There is no dispute as to the corporation receiving and using the money, and from the instruction the jurors are in effect told that the corporation is liable, leaving them to infer that the defendant is not liable. If the defendant made an original promise, in consideration of the plaintiff furnishing money to the corporation, that he would repay the same, he would be liable to the plaintiff notwithstanding the corporation received and used the money. While there is apparent conflict in the decisions of the courts as to the application in certain instances of that part of the statute of frauds requiring a promise to answer for the debt, default, or miscarriage of another to be in writing, it is a well settled principle of jurisprudence that one may contract orally as an original obligation to become liable for money or other value to be furnished for the use of another, and, if he so contract, he becomes liable to the same extent as if furnished for his individual use. Instructions 8 and 9, considered in connection with each other, practically direct the jury to return a verdict in favor of the defendant. No. 8 tells the jury that, if the plaintiff has the right to elect—that is, if he may sue either the corporation or the defendant—he cannot recover from the defendant. Under No. 9 the jury could draw no other conclusion than that the plaintiff could sue the corporation. If the jury gave full force to each of the two paragraphs, there was no escape from finding for the defendant which was done. The error is prejudicial.

We are also of the opinion that instruction 7 is error, the same reading as follows:

"You are further instructed that, if you believe from the evidence that the plaintiff, Bilby, did in fact furnish sums of money to the Indian Land & Trust Company, and you further believe that at the various times that he did advance money to said corporation he then and there took credit from said corporation on the books of said corporation, intending thereby to advance said sums of money to the corporation on his own responsibility and on the credit of the corporation, then and in that event the plaintiff cannot recover in this action, and your verdict should be for the defendant."

There is evidence that the money furnished by the plaintiff was credited to him on the books of the corporation, but it appears that the plaintiff was not the bookkeeper, did not direct the keeping of the books, and there is no evidence that he requested any credit on the books for money claimed to have been furnished for the defendant. The instruction is also a charge on the weight of the evidence and the same is particularly objectionable in that it warranted the jurors to assume that the plaintiff intended to advance the money on the corporation's responsibility from the fact of the entries being made. At most, the credit on the books was a mere circumstance which could reasonably be explained as a convenient way of keeping account of the money furnished. Even if directed by the plaintiff, and the evidence does not show that it was, it was not incompatible with the contract which he claims to have had with the defendant. Often jurors, like members of the bar, like to make technical distinctions, and are therefore quick to seize upon apparent intimations by the court. The trouble lies in

the fact that usually, through lack of legal training, their judgment in such matters is not so accurate as that of members of the legal profession. It is safe, however, to trust them for a correct finding of the facts, and when the issue is not beclouded by instructions which they scarcely understand, generally they will apply the law correctly.

The only remaining error likely to recur, in case of a new trial, is the action of the trial court in permitting the defendant, when on the stand in his own behalf, to give testimony containing opinions, conclusions, and argument. Without going into detail as to the specific testimony complained of, we will say that witnesses are not permitted to usurp the province of the jury and give testimony in the nature of conclusions, opinions, or argument. The witness must state the facts and leave the jury to draw their conclusion from such facts. This rule applies to a party to an action who takes the stand to the same extent as to any other witness. The defendant in this case was an attorney at law. When the plaintiff objected to such testimony the court observed that, if the witness was making the statement as attorney, "it was all right," but, if he was making the statement as a witness, "it was all wrong." The witness replied, "I am making the statement as an attorney." To which statement of the witness the plaintiff responded that the defendant was represented by able counsel, the witness replying, "I wish the record to also show that I appear, that I am represented by myself, that I represent myself." The court then overruled the objection, to which exceptions were duly made. An attorney who takes the witness stand, although a party to the cause, has no special license that does not belong to witnesses in other walks of life The opinion and argumentative testimony should have been excluded by the court.

For the reasons given, the cause is reversed and remanded, with directions to set aside the judgment rendered, grant a new trial, and otherwise proceed in conformity with the views herein expressed.

By the Court: It is so ordered.