D. MELSON, APPELLEE, V. R. M. TURNER, APPELLANT.

FILED NOVEMBER 29, 1933. No. 28619.

*H. J. Whitmore,* for appellant.

*C. J. Campbell* and *John J. Wilson, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and BEGLEY and HORTH, District Judges.

BEGLEY, District Judge.

This is an action wherein the plaintiff below, a well contractor, sued the defendant to recover for drilling and equipping a two-inch tubular well on the farm of Mrs. H. F. Vosper, near Denton, in Lancaster county, Nebraska, on a contract between the plaintiff and the defendant. The jury returned a verdict for the plaintiff for $216.45, and the defendant has appealed. The plaintiff alleged that he entered into a contract with the defendant as follows:

"I hereby agree to drill a 2-inch well on the farm of Mrs. H. F. Vosper (R. M. Turner, agent), furnishing and using the best of materials (except lumber for platform) which well is hereby guaranteed to furnish an inexhaustible supply of water, which shall be of quality that is satisfactory to said Turner. I do not guarantee against a trace of salt in this territory. Heavy overhead force pump to be supplied and P & R pipe. Full brass cylinder.

"This well is guaranteed to cost not more than $1.25 per foot, or less than $1.25 per foot, but the exact cost is unknown and will be governed by the depth of well. In case of failure to comply with this agreement, there will be no charge.

"Date Oct. 8, 1931. (Signed) D. Melson."

Plaintiff further alleges that, although the defendant did not sign the said contract set forth in the petition, he was in fact a party thereto, and that, at the instance and request of the defendant, the plaintiff performed labor and furnished material in drilling and equipping a well for the defendant under said contract; that plaintiff completed said well and tested its supply of water by pumping the same for a period of ten to twelve hours and at that time requested defendant to inspect and approve

said well, including the supply and quality of water, but that defendant failed and arbitrarily refused to inspect the same, and thereafter said defendant unreasonably, arbitrarily, capriciously, and without just cause, refused to approve said well and the supply and quality of water; that he was not in good faith with plaintiff in so doing; that said well, including the supply and quality of water, was satisfactory and suitable for use for domestic purposes and for live stock on said farm and was accepted, appropriated and used by the defendant and the tenants on said farm with the knowledge and approval of defendant; that the defendant and tenants received the benefit thereof, and that by said acts the defendant waived any pretended right he claimed under said contract to reject said well or to object to the supply and quality of water and is estopped from denying his liability to pay the plaintiff therefor.

The defendant is an uncle of the owner of the farm, who lives in Los Angeles, California. The defendant pleaded that he had merely acted as the agent of the owner, as the plaintiff was informed, and had assumed no personal obligation or liability, and further that the well was to supply water of good quality, satisfactory to him, and that he had refused to approve the bill for the well and forward it to Mrs. Vosper because the water was not satisfactory; that his only connection with the matter was that of judge of the quality of the water.

The defendant demurred to the plaintiff's petition on the ground that it did not state a cause of action, which was overruled, and he alleges that as error. It will be noted that the petition alleges a direct promise by the defendant to pay plaintiff for his labor and material on the well. This is not a promise to answer for the debt or default of another but is an original promise and states a cause of action. *De Witt v. Root*, 18 Neb. 567; *Waters v. Shafer*, 25 Neb. 225; *Peyson v. Conniff*, 32 Neb. 269; *Witt v. Old Line Bankers Life Ins. Co.*, 89 Neb. 163.

The appellant also complains because the plaintiff below

was permitted to amend his petition on the second day of the trial. "In all cases of appeal from municipal court to district court, such district court, for the purposes of supplying deficiencies and omissions in pleadings before it, is empowered by statute to permit amendments thereto, when substantial justice is promoted thereby, to the same extent and in the same manner as though the action had been originally instituted in such court." *Baxter v. The Maccabees*, 124 Neb. 160.

Appellant also complains of error in overruling his motion for a directed verdict and also his motion for a new trial. The evidence shows that the parties entered into the contract, and that pursuant thereto the appellee sunk the well and completed the same by furnishing pipe and pump as required by the contract and also built a platform; that he requested the appellant to come and examine the well while he was testing it out; that the appellant refused, and after the appellee had removed the machinery from the well, the appellant informed him that he refused to accept same because the same was not satisfactory to him; that thereafter the water was used for both stock and domestic purposes by the tenants on the farm, and that same, while containing a certain amount of salt, was the same kind of water that is found in most wells of that community.

The appellant contends that under the contract he was the sole judge of the quality of the water, but we think that under the provisions of the contract, providing that the quality of the water should be satisfactory to appellant, his opinion or decision must be made with entire good faith and not captiously or capriciously, and whether he so acts is a question of fact for the jury. 6 R.C.L. 952-956, secs. 333-335; *Flower v. Coe*, 111 Neb. 296; *Thurman v. City of Omaha*, 64 Neb. 490.

The plaintiff's evidence showed that the defendant promised to pay for the well, while same was denied by the defendant. Upon the truth of this testimony hinged the verdict. The jury found for the plaintiff on conflicting

evidence. Where the facts are disputed, it is solely the province of the jury to determine the same, and whether the facts are disputed or undisputed, if different minds might honestly draw different conclusions from them, the case is properly left to the jury. *Ogden v. Sovereign Camp, W. O. W.,* 78 Neb. 806.

The appellant also complains of errors occurring at the trial in the admission of evidence and the giving of instructions. We find that the trial was fairly conducted and that the instructions were pertinent to the issues. The appellant filed merely a general charge of error against all the instructions and, of course, this cannot be considered if any one of the instructions were proper. *Fletcher v. Brewer,* 88 Neb. 196.

The court did not err in refusing to permit said motion to be amended after the statutory time for filing. *Gullion v. Traver,* 64 Neb. 51.

After carefully reading the evidence and instructions of the court, we are of the opinion that the case was fairly tried and submitted to the jury and their verdict should govern in this case.

AFFIRMED.