## ABRAMSON v. DAVENPORT.

### No. 10233.

Court of Civil Appeals of Texas.

Austin.

June 16, 1954.

Rehearing Denied July 21, 1954.

Norman W. Barr, San Angelo, for appellant.

Wm. E. Davenport, San Angelo, for appellee.

ARCHER, Chief Justice.

This is a suit for attorney's fees. Wm. Davenport, an attorney, brought suit in Tom Green County, against M. Abramson for attorney's fees totaling $1,432.27, alleged to be due him on two specific contracts arising out of two specific and different transactions between the parties. The amount of $790 was alleged to be due to appellee as being the difference between the total cost of two blocks of land purchased by appellant through appellee's effort and $2,500, the amount appellant agreed to pay for the land.

The amount of $642.27 was alleged to be due appellee under an alleged agreement between the parties whereby appellant was to pay appellee one third of any saving on his delinquent taxes assessed by the City of San Angelo, brought about through appellee's efforts.

Trial upon the merits before a jury, upon special issues, resulted in a verdict for appellee in the amount of $1,071.19. Judgment for $1,071.19 was rendered for appellee.

The appeal is before this Court on three points, and are:

"First Point: The error of the Court in allowing appellee who was an attorney to testify in his own behalf completely in narrative form over objection and request of appellant that he give his testimony in question and answer form when assisted by counsel.

"Second Point: The error of the Court in refusing to submit to the jury the defendant's specially requested issue as follows: 'Do you find from a preponderance of the evidence that the agreement between plaintiff and defendant regarding defendant's taxes was to the effect that plaintiff was to get as his fee one-third of the difference between the total amount due on school taxes and the amount settled for by cause No. 20,773-A?', since such issue was plead by plaintiff and was raised by the evidence and was strongly contested and failure to submit same failed to place the burden on plaintiff of proving his case by a preponderance of the Evidence.

"Third Point: The error of the Court in refusing to grant defendant a new trial because the jury findings as to Special Issue No. 5, was clearly contrary to the preponderance and greater weight of the evidence."

The first assignment is directed to the action of the Court in permitting appellee, an attorney, to testify in narrative form.

The plaintiff first called the defendant as a witness and inquired of the defendant in detail as to all conversations leading up to the alleged oral agreements and who testified that he did not owe the $790 item because the title was not acceptable and that plaintiff agreed to have certain streets adjacent to the property closed and that this had not been done; the witness testified as to the agreement concerning the delinquent taxes, and that plaintiff told defendant he could save him about $1,000

and that witness told the plaintiff that he would give him one third from the $3,000 total taxes, but that defendant was required to pay the taxes in the total sum of $3,025.78 and that he paid plaintiff $100 to be deducted from any money due on account of savings in taxes, and then testifying in his own behalf, the appellee, who is an attorney, took the stand and testified over the objection of defendant in narrative form. No further objections were made, either as to the narrative form or as to the admissibility or materiality of such testimony, and set out his conception of the oral contracts and that the defendant agreed to pay plaintiff one third of any savings on taxes, and that the savings amounted to $1,926.83 and that plaintiff was entitled to one third thereof, or $642.-27; that the plaintiff was to have as a fee all under $2,500, the agreed price for certain real property, which property the appellant purchased at a Sheriff's Tax Sale for $1,450 and subsequently paid another claimant $200 and paid appellee $60, or a total of $1,710, the difference being $790 for which the appellant sued appellee.

■■ We believe that, as a rule, testimony should be elicited by question and answer form from all witnesses, and the fact that an attorney is testifying in his own behalf is not an exception, but since in this case the attorney, as plaintiff and as a witness, after having called the defendant as a witness and such defendant as a witness testified as to the oral agreements, a portion of which we have herein summarized, and the testimony of the attorney as a witness went no further than to testify as to the oral agreements and as to certain record showings, all of which were within the knowledge of or available to the defendant, we do not believe that the defendant was prejudiced by such narrative testimony and particularly since no objections were made as we have herein set out.

We have been cited by appellant the case of Bilby v. Owen, 74 Okl. 158, 181 P. 724, and Altkrug v. Horowitz, 111 App. Div. 420, 97 N.Y.S. 716, but as we have stated, in view of the record as a whole,

that such decisions are not controlling, in our opinion.

The attorney for defendant cross-examined the attorney witness.

 We do not believe the court erred in refusing to give defendant's requested issue which is set out in Point No. 2.

The court submitted Special Issue No. 1 as follows:

"From a preponderance of the evidence what amount of money, if any, do you find that the Plaintiff saved the Defendant on delinquent taxes due the San Angelo Independent School District? Answer in dollars and cents, if any.

"Answer: $1324.76."

We believe that this issue was a controlling one and fairly submitted the question to the jury.

No objection was made to the form or substance of the charges or the issues.

The question for the jury to have answered was what amount of money, if any, the defendant owed plaintiff on account of tax savings and the jury answered that the savings were $1,324.76.

The court entered judgment for the plaintiff for one third of $1,324.76, or $441.19, less a credit of $160 on account of prior payments, or a final balance of $281.19, and judgment for $790 on account of the purchase of the blocks of land, in all a judgment for $1,071.19. City of Dallas v. Priolo, 150 Tex. 423, 242 S.W.2d 176.

We believe that the jury, having answered Special Issue No. 5 which inquired if as a part of the agreement that plaintiff agreed to have certain streets closed that the plaintiff did not, as a part of the agreement contract to have the streets closed, that it was not error for the court to submit the defendant's requested issue set out in Point No. 2.

 There was no objection to this issue and the jury having heard the evidence resolved the fact issue in favor of plaintiff; such testimony was in dispute and we would not be authorized to here decide the issues of fact upon conflicting evidence. 41-B, Tex.Jur., par. 590, p. 817, and cases cited therein.

The judgment of the trial court is affirmed.

Affirmed.