Tom Jones, Appellee, v. Isabel Rhodes, Appellant,
Impleaded with Albert Jarman, Appellee.
75 N. W. 2d 616
Filed March 16, 1956. No. 33845.

*W. A. Ehlers,* for appellant.

*J. J. Friedman,* for appellee.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Wenke, J.

This action was brought in the district court for Douglas County by Tom Jones against Isabel Rhodes and Albert Jarman. Therein plaintiff sought an accounting on and the strict foreclosure of a contract for the sale of real estate which he had entered into with the defendants. The trial court found there was owing plaintiff $2,400.70 with interest from March 4, 1955, and granted plaintiff the relief he prayed for but gave defendant Isabel Rhodes 20 days to redeem therefrom by depositing said amount with interest and costs in the office of the clerk of the court. Defendant Isabel Rhodes thereupon filed a motion for new trial and, from the overruling thereof, has taken this appeal.

Defendant Albert Jarman defaulted in the district court and is not involved in this appeal as he has made no appearance in this court. We shall not refer to him again.

There is no dispute about the fact that on April 3, 1951, appellee entered into a contract with appellant whereby he sold to her a property he then owned which is located in Shinn's addition to the city of Omaha, Douglas County, Nebraska, and known as 2710 Seward Street, for the sum of $2,500, same to be paid at the rate of $50 per month commencing on May 3, 1951, and the principal to draw interest at the rate of 6 percent. Appellant made payments upon this contract up to and including November 16, 1953. The only real question involved in this appeal is, was the trial court correct when it included in the amount found owing appellee the amount which he had paid the Valley Finance Company of Valley, Nebraska, in satisfaction of a mortgage it held on the premises and which was referred to in the real estate contract as follows: "subject to mortgage in favor of Valley Finance Company of Valley, Nebraska"? Appellant claims this mortgage debt in the sum of $1,000 is not included in or any part of the land contract, there being no covenant or agreement of any kind therein whereby appellant assumed or agreed to pay said mortgage as part of the purchase price.

This is an action in equity. We shall therefore review the record de novo. In evaluating appellee's testimony, which is in some respects inconsistent, we take notice of the fact that he was 63 years of age, had only attended school to the second grade, had been sick for a long period of time, and that his memory is bad at times. We find the evidence adduced establishes that on the same day, but just before the contract of sale was finally entered into, appellant told appellee she had no money and wanted to know if he would sign a note and mortgage on the property so she could get a thousand dollars; that appellee advised her he would and

did so; that appellant took the note and mortgage with her, the mortgage being recorded on the same day; that appellee never received any money from the proceeds thereof; that appellant, when she requested appellee to sign the note and mortgage, agreed to pay the debt created thereby; that the note was made payable to the Valley Finance Company of Valley, Nebraska; that it was payable at the rate of $37.39 per month commencing with May 3, 1951; that appellant paid the Valley Finance Company on this indebtedness the sum of $24.75 on July 10, 1951, $24.30 on August 20, 1951, and $41 on November 19, 1951; that appellant made no further payments to the Valley Finance Company; that the Valley Finance Company then threatened foreclosure; and that when appellee found out the note was not being paid, in order to avoid foreclosure, he paid the Valley Finance Company the balance of $1,062.05. We find, from the foregoing, that the $1,000 debt was the primary obligation of appellant and that appellee merely provided the security which permitted her to obtain the loan. As between the parties this is not a promise on the part of appellant to answer for the debt of appellee but is an original promise on her part to pay this debt and consequently the petition, contrary to what appellant contends, states a good cause of action in this regard. See Melson v. Turner, 125 Neb. 603, 251 N. W. 172.

Was the trial court correct when it included the amount appellee had paid the Valley Finance Company in its decree foreclosing the real estate contract? We think so on the basis of subrogation. The following principles are here applicable:

"No general rule can be laid down which will afford a test in all cases for conventional subrogation. Whether or not the doctrine of conventional subrogation is applicable in any particular case depends upon its particular facts and circumstances, the principle not being enforced as a matter of legal right, but in order to subserve the ends of justice in the particular controversy

under consideration." Hoagland & Co. v. Decker, 118 Neb. 194, 224 N. W. 14.

"* * * where one having an interest in property pays off an encumbrance on the property in order to protect his interest, he is ordinarily entitled to be subrogated to the rights and remedies of the person paid, provided the debt secured by the encumbrance is not one for which the payor is primarily liable, and the grant of such relief is equitable." 83 C. J. S., Subrogation, § 31, p. 630.

"The right of subrogation must depend upon the facts and equities of the particular case in which it is asserted." Frederick v. Gehling, 92 Neb. 204, 137 N. W. 998.

Under the circumstances here established it would certainly be inequitable and unjust not to permit appellee the benefit of the doctrine of conventional subrogation. We therefore affirm the judgment of the trial court.

AFFIRMED.