## Alvah Munn *vs.* John H. P. Taulman.

Where an answer sets forth different grounds of defense, any one of which is good, the sustaining of a general demurrer thereto, that the answer does not set forth any defense to the action, is error.

A separate clause in an answer, setting forth "that if said promissory note was executed as charged in said petition, it was executed beyond the limits of the state," *held* bad on demurrer, as setting forth no defense to an action on a promissory note.

A separate clause in an answer, setting forth "that the said cause of action did not accrue against him within two years last past before the commencement of this action," *held* bad on demurrer, as setting forth no defense to an action commenced February 11th, 1861, on a note dated at Davenport, Iowa, July 21st, 1856, payable six months after date.

An allegation in an answer that defendant "says that the said plaintiff ought not to have or maintain his aforesaid action thereof against him because he says that he denies each and every allegation in plaintiff's petition alleged against him," *held* to be sufficient to apprise the plaintiff what defense is intended to be set up in bar of his claim, and, under section two of the code, is all that the law requires.

The petition was in the usual form, on a promissory note, dated at Davenport, Iowa, July 21st, 1856, payable six months after date. The petition was filed February 11th, 1861. The answer sets forth:

First. " And now comes the said Alvah Munn, the above named defendant, * * and for answer to the petition of said plaintiff filed in the above cause, says . that the said plaintiff ought not to have or maintain his aforesaid action thereof against him, because he says that he denies each and every allegation in plaintiff's petition alleged against him, and of this he puts himself upon the country."

Second. "And for a further answer, defendant says that the said cause of action did not accrue against him within two years last past before the commencement of this action, and of this he puts himself upon the country."

Third. " And for a further answer thereto, defendant says that if said promissory note was executed as charged in said petition, it was executed beyond the limits of this (territory) state, and of this he puts himself upon the country."

To this answer, a general demurrer was put in, on the ground that it did not contain sufficient facts to constitute a defense.

The demurrer was sustained. The plaintiff excepted to this ruling of the court, and brought the case to this court by a petition in error.

*Samuel D. Lecompte*, for plaintiff in error.

The second count in the answer sets forth that the cause of action had not accrued within two years.

To have been complete in itself, it should have added that the contract had been made outside the state.

But I submit to the court that this ceases to be ground of demurrer, from the fact that the petition itself alleges the execution of the contract in the state of Illinois.

There is, therefore, no error in this, which could justify the sustaining of the demurrer.

But there is no shadow of legal reason for sustainining the demurrer as to the first defense.

It is a general denial.

If the demurrer has been sustained upon the ground that it does not, in fact, deny the allegations of the petition, it presents a question of mere verbal criticism, which this court will view with little favor.

Seeking to have justice accomplished through pleading, there would be little propriety in defeating its purpose upon what partakes so much of the character of quibble.

The language of denial is, "the defendant says that he denies."

We cannot suppose that any great stress is to be laid upon this as the ground of supporting the judgment below.

Another ground, and that probably upon which the hope of sustaining the judgment below must repose, is inconsistency in the pleas or defenses.

But is there any inconsistency?

We say no. (*Seney*, p. 128, *note b*; *Ib.*, 134, 135, §§ 14, 15; 9 *How.*, 288; 24 *Barb.*, 563; *Seney*, p. 127, § 34.)

But should there be an inconsistency, is that a ground of sustaining the demurrer?

We say no. (*Civ. Pro.*, p. 140, § 102; *Seney*, 135, § 15; 9 *How.*, p. 57; 1 *Chitty*, *Pl.* 561, *note* 1, 560, *note* 3, *p.* 563.)

The most that could result would be to require of the defendant to elect upon which one he would rely.

*Samuel A. Stinson*, for defendant in error.

There was no error in sustaining plaintiff's demurrer:

I. The alleged general denial is defectively pleaded. The court must take into consideration that our code was framed with reference to the simplifiacation of pleadings. The de-

fendant does not deny, but " says he denies." (14 *Barb.*, 533;
*Vansantvord's Pl.*, 429.)

II. The newer pleadings is to be taken and construed to-
gether, and against the pleader, and the second and third
defense admit the existence of the cause of action, and the
making of the note.

III. The plea of the statute is bad. The plaintiff had a
subsisting right of action at the time the statute of 1859 was
passed, and it would have been instantly divested if that
statute had been made to apply. This the legislature cannot
do. (*Angell on Lim., and cases cited.*)

IV. The defendant below has waived his right to object,
having asked and received leave to file an affidavit upon
which to predicate a motion for an amended answer.

By the Court, KINGMAN, J. This cause comes up on error
from the district court for Leavenworth county.

The only question is, whether the court erred in sustaining
the demurrer to the answer.

The answer sets forth three grounds of defense, and the
demurrer is general, that the answer does not set forth any
defense to the action.

If any of the grounds of defense are good, then the court
erred in sustaining the demurrer. Plaintiff in error very
candidly admits that the third clause of the answer constitutes
no defense to the action. We think he is right, and also
that the second clause is equally defective.

This leaves the first ground of defense set forth in the
answer for consideration. It is as follows:

" And now comes the said Alvah Munn, the above named
defendant, by Lecompte, Mathias & Burns, his attorneys, and
for answer to the petition of the said plaintiff, filed in the
above cause, says that the said plaintiff ought not to have or
maintain his aforesaid action thereof against him, because he
says that he denies each and every allegation in plaintiff's
17

petition alleged against him, and of this he puts himself upon the country."

The only objection urged to this is the use of the langauge, "*he says* that he denies," instead of "he denies."

It is insisted by defendant in error that the court must take into consideration that the code was framed with reference to the verification of pleadings, and that the phrase, "says he denies," would not have subjected the maker of the affidavit to answer to the penalties of perjury, were statements of the answer known, by affiant, to be false.

We admit the principle of construction, but deny the application.

To say that he denies, is to deny; and had it been written, "because he denies," he would have denied by *saying* so on paper, and he has done no more than declare that he does what it would otherwise be obvious that he had done.

In Ohio it has been decided that an objection to a defective general denial must be made by motion, and cannot, in general, be taken by demurrer. (*Sevan's Pl. and Pr.*, 245, 253.)

We do not think it necessary to affirm that in this case. The second section of the code has laid down the principles of its interpretation.

After having given the code a name, the legislature hastened to declare that its provisions and all proceedings under it, shall be liberally construed with *a view to promote its object*, and assist the parties in obtaining justice.

The object of an answer is to apprise the plaintiff what defense is intended to be set up in bar of his claim. This is clearly and manifestly done in this case, and this is all the law requires.

It is urged by defendant in error that the several grounds of defense are inconsistent. If so, it is not a defect that can be taken advantage of by demurrer. The usual and proper

course is to compel the party to elect on which of the inconsistent grounds he will rely for a defense.

The judgment is reversed, and the case is remanded to the district court of Leavenworth county, with directions to overrule the demurrer, and for further proceedings.

Judgment is rendered against defendant in error for costs in this court.