G. R. PRUNTY *et ux.*, *Appellees*, v. THE CONSOLIDATED FUEL AND LIGHT COMPANY, *Appellant.*

No. 16,353.

WILLIAM CAUBLE *et ux.*, *Appellees*, v. THE CONSOLIDATED FUEL AND LIGHT COMPANY, *Appellant.*

No. 16,355.

PLEADINGS—*General Denial.* A denial of every allegation in the petition "prejudicial" or "adverse" to the defendant held not so defective as to present no issue.

Appeal from Wilson district court; JAMES W. FINLEY, judge. Opinion filed May 7, 1910. Reversed.

*Atwood Cady,* for the appellant.

*B. F. Carter,* and *C. W. Shinn,* for the appellees.

*Per Curiam:* The appellees in each of these cases filed their petition against the appellant for the purpose of canceling in each case an oil-and-gas lease. The appellant filed a demurrer in each case, which was by the court overruled. Thereupon the appellant, in one case, filed an answer in which it denied "each and every allegation in the second amended petition herein that is prejudicial to the rights of the defendant"; and in the other case the appellant filed an answer which denied "each and every allegation in the plaintiffs' petition herein that is adverse to the rights of the defendant." The appellant then filed a motion in each case for a judgment in its favor on the pleadings, and the

appellees in each case filed a motion for judgment on
the pleadings in their favor. After argument the court,
in each case, denied the motion of the appellant and
sustained the motion of the appellees.

It must be observed that this was not a submission
of either case to the decision of the court upon the
pleadings, but while each motion called for a judgment
upon the pleadings the motions were adversary, each
party claiming judgment in his favor; the appellant
contending that the petition stated no cause of action
against it, and the appellees contending that the an-
swers were a nullity and raised no issue—that the an-
swers denied no fact specifically, but left to the court to
determine what was "adverse" and "prejudicial" and
to consider such matter traversed.

We have examined the petitions and think the court
was right in overruling the demurrer and denying the
appellant's motion for judgment on the pleadings. As
to whether the motion of the appellees for judgment
on the pleadings was correctly decided depends upon
whether the answer in each case was sufficient to put
the appellees upon their proof—whether in fact the
answer raised any issue.

The general form of a general denial to a petition in
this state is that the defendant denies each and every
allegation of fact in the petition contained. In *Munn v.
Taulman,* 1 Kan. 254, a denial in this form: "denies
each and every allegation in plaintiff's petition alleged
against him" (page 254), while not approved as good
form, was held sufficient to apprise the plaintiff what
defense was intended to be set up in bar of his claim.
In Webster's Universal Dictionary, in the definition of
"adverse," among the synonyms given are, "opposite,"
"hurtful," "unfavorable"; and as synonyms of "preju-
dicial" are given, "hurtful," "injurious," "disadvanta-
geous."

In so simple a matter as a general denial there is no
occasion to depart from the well-recognized form, and

probably the court could without prejudice have sustained a motion to make these answers more definite and certain; but we do not think the answers were nullities and so defective as to raise no issue, but were sufficient to apprise the appellees what defense was intended to be maintained in bar of their claims.

The judgment, therefore, in each case is reversed, and each case remanded for further proceedings in accordance with these views.

BURCH, J., dissenting.