## Hays Creek Coal Company, et al v. Eagle Coal Company.

(Decided May 23, 1916.)

### Appeal from Pulaski Circuit Court.

1. Pleading—Election.—Where an answer presents in one paragraph the plea of no consideration and in another the plea that the consideration was $250.00, the defenses are inconsistent, and a motion to elect is properly sustained.

2. Pleading—Fraud—Collusion.—A plea of fraud and collusion which does not state facts but mere legal conclusions is insufficient.

J. N. SHARP and JAMES F. BAKER for appellants.

O. H. WADDLE & SON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

By deed dated January 6th, 1906, and containing a covenant of general warranty, the Hays Creek Coal Company and R. A. Williams sold and conveyed to the Eagle Coal Company a tract of land situated in Pulaski county and containing about 160 acres.

On January 23rd, 1909, H. L. Durrell, claiming under a paramount title, brought suit against the Eagle Coal Company to recover a portion of the land conveyed to it by the Hays Creek Coal Company and R. A. Williams. Thereupon, the Eagle Coal Company notified the Hays Creek Coal Company and Williams of the pendency of the suit and demanded that they defend the title which they had conveyed. This they failed and refused to do. The Eagle Coal Company then made defense and on final hearing Durrell was adjudged to be the owner of 116¾ acres of the land covered by the deed to the Eagle Coal Company, and the Eagle Coal Company was evicted therefrom.

This action was brought by the Eagle Coal Company against their grantors, the Hays Creek Coal Company and R. A. Williams, to recover the value of the land taken, together with the costs and reasonable attorneys' fees incurred in making defense. Judgment was rendered in favor of plaintiff and defendants appeal.

1. It is first insisted that the trial court erred in requiring defendants to elect between paragraph 2 and paragraph 5 of their answer. Paragraph 2 presented a plea of no consideration, while paragraph 5 alleged that the consideration was $250.00. Clearly the defenses presented by the two paragraphs were inconsistent, and the trial court did not err in requiring the defendants to elect.

2. It is also claimed that the trial court erred in sustaining a demurrer to the fourth paragraph of the answer. This paragraph pleads in substance that the suit by Durrell was brought at the instance of the Eagle Coal Company; that the defense made thereto by the Eagle Coal Company was a sham and was made with the intent and purpose of losing the case, and with the intent to defraud the defendants by allowing the case to go by default. Whether or not a grantor who fails to defend after notice of an action by a third party to recover a portion of the land conveyed, may, after a judgment of eviction against his grantee, plead that the judgment was obtained by collusion or fraud, it is un-

necessary to decide. It is sufficient for the purpose of this case to say that the paragraph in question sets forth no facts showing fraud or collusion. Its allegations are mere legal conclusions. It follows that the trial court did not err in holding the plea of fraud and collusion insufficient. Loessor v. Loessor, 81 Ky. 139; Phillips' Admr. v. Phillips, 81 Ky. 147; Star Milling Co. v. Board of Council, etc., 125 S. W. 1051.

Judgment affirmed.