## SMALL v. COMER.

No. 24569.    April 9, 1935.

Estes & Gowdy, for plaintiff in error.

Embry, Johnson, Crowe & Tolbert, for defendant in error.

PER CURIAM. Plaintiff in error was defendant below, and defendant in error was plaintiff below. Let them be referred to herein as in the lower court.

This was an action instituted in the district court of Oklahoma county by Myrna Comer, as plaintiff, against Lillie Small and Joe Z. Brooks, as defendants. The suit was brought on a promissory note executed by the defendants to the plaintiff April 7, 1931, for the sum of $1,000 payable to the plaintiff six months after date, together with interest at the rate of 10 per cent. per annum from date, and if placed in the hands of an attorney for collection. 10 per cent. attorney's fees, and to foreclose a mortgage given as security for the payment of said note covering the real estate therein described situate in Oklahoma county. Plaintiff's petition alleges that defendant had paid only the sum of $100 upon the principal, and no more, that demand for payment has been made and refused, and praying for judgment for the principal sum of $900, together with interest at the rate of 10 per cent. per annum from October 7, 1931, and for $100 attorney's fee and costs of said suit, and for foreclosure of said mortgage.

That thereafter the defendant filed her answer and cross-petition in said cause, and plaintiff thereupon filed her motion to make more definite and certain and to strike, which motion was thereafter confessed and defendant given time in which to plead.

That thereafter defendant filed her amended answer and cross-petition consisting of a general denial of every material allegation contained in plaintiff's petition ex-

cept those that may be specifically admitted therein, and alleging in her cross-petition that she became indebted to the plaintiff in the sum of $1,000, and that on or about September 14, 1931, plaintiff fraudulently, corruptly, and by means of fraud and deceit, secured and compelled defendant to pay to plaintiff the sum of $100 interest on said indebtedness, and that said interest received by plaintiff was 'in excess of 10 per cent. for the period for which said loan was made, to wit, six months, and in violation of the laws of the state of Oklahoma, and by reason thereof plaintiff is indebted to the defendant in double the amount of said interest in the sum of $200, and for a reasonable attorney's fee in the sum of $100, and praying against plaintiff accordingly.

To said amended answer and cross-petition, plaintiff filed her motion to strike and require defendant to elect whether the $100 paid by defendant to plaintiff on September 14, 1931, was paid as interest for an extension of the note and mortgage sued for, for one year, or said payment of $100 on said date was paid as usurious interest upon said note for a period of six months as alleged in said answer and cross-petition, and to strike the allegation:

"That on or about September 14, 1931, plaintiff fraudulently, corruptly and by means of fraud and deceit secured and compelled defendant to pay to plaintiff the sum of $100 interest on said indebtedness, and that said interest received by plaintiff was in excess of 10 per cent. for the period for which said loan was made, to wit, six months, and in violation of the laws of the state of Oklahoma, for the reason that the same is redundant, irrevelant, and immaterial, and inconsistent with defendant's allegations that said sum of money was paid for an extension of said note and mortgage."

Said motion was sustained by the court, and defendant thereupon in open court elected to stand upon her allegation in her amended answer, "that said sum of money was paid for an extension of said note and mortgage for a period of one year."

Plaintiff filed her reply, which consisted of a specific and general denial of the allegations of the amended answer and cross-petition of defendants.

Trial was had to the court without the intervention of a jury, and the court rendered judgment for the sum of $900, with interest thereon at the rate of 10 per cent. per annum from October 7, 1931, and for $100 attorney's fee and for costs of suit, and for foreclosure of plaintiff's mortgage, to which defendants excepted and exceptions were allowed.

Defendant Lillie Small says that the order of the court requiring her to elect whether the $100 paid by defendant was paid as interest for extension of said note and mortgage for one year, or was paid as usurious interest as alleged in the cross-petition, and that the order of the court striking out a part of the cross-petition referring to the usurious interest, were reversible error, and these are discussed in defendant's brief as grounds for reversal of said cause.

Defendant says that the order of the court requiring her to elect 'is error, and, in itself, justifies a reversal of this case, and invokes the third paragraph of section 206, O. S. 1931, in support of his contentions, to wit:

"Third. When relief is sought, the nature of the relief to which the defendant supposes himself entitled. The defendant may set forth in his answer as many grounds of defense, counterclaims, set-offs and for relief, as he may have, whether they be such as have been heretofore denominated legal, or equitable, or both. Each must be separately stated and numbered and they must refer in an intelligible manner to the causes of action which they are intended to answer."

This statute was adopted from the state of Kansas and became the law of the Territory of Oklahoma on the 14th day of August, 1893. At the time of the adoption of said statute, the same had been construed by the Supreme Court of that state, and such construction was also adopted with the statute.

It has been loosely claimed that the above statute permitted what is called "inconsistent defenses." It is the general rule that a party cannot rely at the same time on inconsistent defenses. Fetzer & Co. v. Williams (Kan.) 103 P. 77; Wright v. Bacheller, 16 Kan. 259.

Defenses are said to be inconsistent when proof of one necessarily disproves the other. Osborn & Co. v. Shilling (Kan.) 88 P. 258.

It is well settled that facts admitted by the pleadings cannot be disputed by the evidence, but must be taken as true for the purposes of the action; and in the nature of things a party cannot in fact have inconsistent defenses. It is impossible that a thing may be true and untrue at the same time. For this reason parties are not allowed to set up inconsistent defenses for such defenses carry falsehood upon their face.

Therefore, whenever a defendant admits anything in his answer, it is right to presume that the admission is intended to modify and control anything else that may be found in the answer in apparent conflict therewith. Butler v. Kaulback, 8 Kan. 668.

However, inconsistent allegations do not render a pleading demurrable; the proper course is to compel the parties to elect on which of the inconsistent grounds they will rely. Fetzer & Co. v. Williams, supra; Munn v. Taulman, 1 Kan. 254, 81 Am. Dec. 508; Ferguson v. Printz (Kan.) 41 P. 988.

The above cases, together with others too numerous to mention decided by the Supreme Court of Kansas, outline the construction of the above statute at the time of its adoption by the Territory of Oklahoma, and in our opinion should be followed by the courts of this state.

The defendant insists that even if the defenses pleaded by her are inconsistent unless expressly prohibited by statute, they may still be united in one answer, and that she cannot be compelled to elect between such defenses.

The plaintiff says that inconsistent theories of defense, or defenses rendered inconsistent by implication of law, may be pleaded, but not inconsistent defenses when based upon inconsistent, contradictory, or repugnant facts; and that the facts pleaded in defendant's amended answer and cross-petition are inconsistent, contradictory, and repugnant; that defendant paid $100 interest for an extension of the note sued on for one year, and that it was paid to plaintiff as usurious interest for six months, cannot be true; that to prove one contradicts and disproves the other; that under the circumstances it was proper to require defendant to elect upon which one of these propositions she would stand; that election was the only remedy in the premises; that the order of the court striking certain portions of the amended answer and cross petition was proper, and that no error was committed by the court in striking such portions from the amended and cross-petition, or in requiring the defendant to elect.

In support of defendant's contention in this case, she cites Garfield Oil Co. v. Champlin, 78 Okla. 91, 189 P. 514, and insists that said case sustains her position, but a careful reading of that case discloses that the court held that the defenses pleaded were not inconsistent or contradictory. Defendant also cites Rosebaugh v. Jacobs, 83 Okla. 211, 201 P. 245, as supporting her contention, but a careful examination of this case, we think, will disclose that no inconsistent defense was pleaded. She also cites Bilby v. Owen, 74 Okla. 158, 181 P. 724. In this case the defendant denies that he made any contract at all to repay money furnished by plaintiff to the corporation, and he invoked the statute of frauds, but in the trial of this case this defense was abandoned, there being no evidence introduced at the trial in support of such pleading, and the case was tried on the theory that the defendant denied that he made any contract to repay the money furnished by plaintiff to the corporation. Defendant also cites Covington v. Fisher, 22 Okla. 207, 97 P. 615, but a careful study of this case discloses that the court held the defenses of want of consideration and partial failure of consideration and usury were not inconsistent. Defendant also cites Emerson-Brantingham Implement Co. v. Ware, 71 Okla. 19, 174 P. 1066, and a study of this case, we think, shows that plaintiff alleged, not two distinct causes of action, but two distinct acts of negligence by which plaintiff was deprived of the value of his note, and the matter of inconsistent defenses was not involved in this case.

In the case of Covington v. Fisher, 22 Okla. 207, 97 P. 615, it seems that the court relied upon Clowers v. Snowden, 21 Okla. 476, 96 P. 596, and the case of Delissa v. Fuller Coal & Mining Co., a Kansas case, reported in 52 P. 886, in which case the court cited Pavey v. Pavey, 30 Ohio St. 600, in which case the Supreme Court of the state of Ohio laid down the following rule:

"The true rule, then, would seem to be that the defendant can be required to elect between defenses only where the facts stated therein are so inconsistent that if the truth of one defense be admitted, it will disprove the other."

We have made a careful study of the cases cited by the defendant in this case, and are of the opinion that these cases are not controlling here.

In the case at bar defendant pleaded in her answer and cross-petition that the $100 was paid as interest for an extension of the note for one year, and that it was paid as usurious interest on said note for six months; both cannot possibly be true, and therefore the defenses pleaded were inconsistent, repugnant, and contradictory.

In the case of Caldwell v. Baxter, 158 Okla. 76, 12 P. (2d) 509, in which case the plaintiff declared upon a promissory note, defendant pleaded that defendant had not executed and delivered the note, and that

the money for which the note was given as a memorandum was given to the maker to invest for the payee, and that no contract of indebtedness was created, and the question of inconsistent defenses arose and the court held that the two defenses were inconsistent and that the one more favorable to the defendant would be thereby admitted, and the decision in effect holds that contradictory and. repugnant defenses cannot be pleaded, and in discussing this phase of the matter, the court followed the Kansas and Washington decisions bearing on this proposition.

From the above and foregoing decisions we arrive at the conclusion that the great weight of judicial authority sustains the rule that a defendant will not be permitted to plead facts so inconsistent that the proof of one will necessarily disprove the other, and in case the defendant does plead facts inconsistent, contradictory and repugnant as a defense in an action, he should be required to elect on which one of these defenses he will stand.

In the case of Advance-Rumely Thresher Co. v. Terpening (Mont.) 193 P. 752, the defendants in their answer admitted all the allegations of the complaint and admitted that plaintiff would be entitled to the relief sought were it not for the fact alleged in nine separate defenses and counterclaims there set out, alleging the purchase of the machinery mortgaged from plaintiff's assignor, and alleged to have been induced by knowingly, false and fraudulent representations; total failure of consideration by reason thereof; breach of warranty contained in the contract; the acceptance of $600 in an attempt to make the tractor engine work; the payment of $1,200 on the purchase price note and $195 on the note described in the second cause of action; that the machinery purchased was worthless; that plaintiff took from their possession the separator and attachments, converted the same to its own use, and abandoned thereby its second cause of action. At the trial the plaintiff moved the court to compel the defendants to elect on which of these several defenses they would rely, which motion was denied. The Supreme Court of Montana, in passing upon the matter, said:

"Although it is permissible * * * to set forth inconsistent defenses, they must not be so inconsistent as to be incompatible."

And the court declared that the lower court, in refusing to require the defendants

to elect, committed reversible error, and said cause was reversed and remanded.

To the same effect see Bollinger v. Knox (Neb.) 92 N. W. 994; Harshberger v. Eby (Idaho) 156 P. 619; Hart-Parr Co. v. Keeth (Wash.) 114 P. 169; Cox v. Cox (Pa.) 67 Am. Dec. 432; Breunich v. Weselman (N. Y.) 2 N. E. 385; Hays Creek Coal Co. v. Eagle Coal Co. (Ky.) 185 S. W. 1113; Bradley v. Blandin (Vt.) 104 Atl. 11.

Defendant says the court committed reversible error in striking the following: "the allegations of fraud, corruption and deceit," from her amended cross-petition, but cites no authority in support of such claim, but it is clear that such contention is without merit.

Defendant says the court erred in permitting one D. C. Patterson to testify as an expert witness in the examination of handwriting over the objection of the defendant; that the court erred in permitting said witness to testify for the reason and on the ground that he was not properly qualified as a witness in said cause, and cites Archer v. United States, 9 Okla. 569, 60 P. 268. He also states that this case establishes the rule in Oklahoma for qualification of an expert witness of this nature; wherein Chief Justice Burford, who wrote the opinion, states:

"Evidence of experts based upon comparison is at best not very reliable, and we do not think that we should be justified in holding that writing can be used as standard writing, the evidence of whose genuineness rests only on opinion."

The authorities cited by defendant in support of her contentions are not controlling here.

The term "expert witness" has been defined as follows:

"An expert witness has sometimes been defined to be a witness who testifies to conclusions from facts, while an ordinary witness testifies only as to facts." People v. Wheeler (Cal.) 44 Am. Rep. 70.

The true distinction between the expert and nonexpert is this:

"The nonexpert testifies as to a subject-matter readily mastered by the adjudicating tribunal; the expert to conclusions outside of such range. The nonexpert gives the results of a process of reasoning familiar to every day life; and expert gives the results of a process of reasoning which can be mastered only by special scientists." Heacock v. State, 13 Tex. 97; Thompson v. Penn. Ry. Co. (N. J. L.) 15 Atl. 833.

To the same effect: Yates v. Garrett, 19 Okla. 449, 92 P. 142; Oklahoma Nat. Gas Corp. v. Schwartz, 146 Okla. 250, 293 P. 1087.

In determining whether or not a witness is qualified is a matter resting largely in the sound discretion of the court. Whitehead v. Jefferson, 51 Okla. 42, 151 P. 681.

And the qualifications of a witness in respect to knowledge and special experience rest largely in the discretion of the trial court, as in Bell v. Tackett, 134 Okla. 164, 272 P. 461, wherein our Supreme Court held:

"Whether or not the qualifications of a witness with respect to knowledge or special experience are sufficiently established is a matter resting largely in the discretion of the trial court, whose determination is usually final, and will not be disturbed by an appellate court, except in extreme cases, where it is manifest that the trial court has fallen into extreme error, or has abused its discretion, and that prejudice to the complaining party has resulted, even though the appellate court might have decided differently if the question had been presented to it in the first instance."

See, also, Toombs v. Cummings, 151 Okla. 166, 3 P. (2d) 177.

We think the witness D. C. Patterson was sufficiently qualified to testify, and the court committed no prejudicial error in permitting him to testify as such expert witness.

After a careful consideration of the whole record in this case, we are convinced that the judgment is sustained by a fair preponderance of the evidence.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Tom E. Willis, A. O. Manning, and J. Howard Lindley in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Willis and approved by Mr. Manning and Mr. Lindley, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.