**Carolyn Joyce GRAHAM, Plaintiff in Error,**

v.

**Lavern Wesley BANKS, Defendant in Error.**

**No. 42695.**

Court of Appeals of Oklahoma
Division No. 71.
Dec. 12, 1969.

Bay, Hamilton & Renegar, Oklahoma City, for plaintiff in error.

Duvall, Head, McKinney & Travis, Kenneth N. McKinney, Oklahoma City, for defendant in error.

HERT, Judge.

From a jury verdict for defendant and a judgment entered thereon in the trial court in an action for damages allegedly sustained in an automobile accident, the plaintiff brings this appeal. Hereinafter, the parties will be referred to as in the trial court.

The only questions for determination in this case are whether Bob McKittrick, Oklahoma City police officer, qualified as an expert witness, and whether his testimony was admissible in regard to the speed of a third vehicle involved in the accident.

It appears that on March 3, 1966, at approximately 9:10 P.M., the plaintiff, operating a 1950 Ford, was stopped just south of the intersection of South Villa and Southwest 44th Streets in Oklahoma City, Oklahoma, facing north, awaiting east and west bound traffic on Southwest 44th Street to clear before proceeding to a laundry east of the intersection; that, immediately prior to the collision, the defendant, operating a 1961 Oldsmobile, was trav-

eling west on 44th Street, and, when the accident occurred, was in the process of completing a left turn at said intersection so as to proceed south on South Villa; that the front portion of a 1961 Chevrolet, being driven by a third person, Billy Ray Bishop, in an easterly direction on Southwest 44th Street, struck the right rear portion of the defendant's 1961 Oldsmobile, and that this collision was followed by a second impact between the left rear portion of defendant's vehicle and the left portion of plaintiff's vehicle.

Plaintiff called as a witness, Bob McKittrick, an Oklahoma City police officer, who testified on direct and cross-examination, that he had been with the Police Department for 10 years, in the Traffic Division 8 years; that his main duties during the past 8 years consisted of accident investigation, and he had investigated many accidents during that time; that he had attended the Police Department school for two weeks, had completed a course at the Northwest Traffic Institute in Norman, Oklahoma, and attended various seminars and lectures concerning accident investigation; that in investigating accidents, one of his duties was to formulate an opinion as to how fast the various vehicles were going before the impact, and in doing so, some of the things taken into consideration are: skid marks, type of impact, amount of damage done, auto reaction and travel after impact; number of autos and impacts involved and type of roadway; that he had been furnished a chart from the Northwest Traffic Institute providing him with a formula which he used in estimating speed from the length of skid marks; that he did not make a test skid in this case to determine the coefficient of friction, but approximated it at 70%; and, that he had not had any special schooling or training for determining speed from damage done to vehicles, or just from the relative positions of vehicles after the accident.

Officer McKittrick further testified he arrived at the scene at approximately 9:15

P.M., about 15 minutes after the collisions; that he found the 1950 Ford facing north on South Villa, and observed damage to the left front end; that the 1961 Oldsmobile was facing south on South Villa, and that he observed damage to both the right rear side and the left rear side of it; that the Bishop 1961 Chevrolet was down the street (Southwest 44th), with damage to the right front portion; that there were no skid marks west of the intersection, but there were 30 feet of skid marks left by the Chevrolet east of the intersection; that the Chevrolet traveled an additional 20 feet beyond the skid marks; that there was some debris indicating the point of impact between the Bishop Chevrolet and the Oldsmobile at a point 2 feet north of the south curb of Southwest 44th and 14 feet east of the west curb of South Villa; and debris indicating the point of impact between the Oldsmobile and the Ford was 15 feet south of the south curb of Southwest 44th Street, and 6 feet west of the east curb of South Villa. In answer to questions by plaintiff, the witness gave his opinion that these were the points of impact. He also testified that the width of South Villa was 26½ feet; that the width of Southwest 44th Street was 33 feet; that there were signs along Southwest 44th Street establishing a speed limit of 35 M.P.H.; that the defendant's Oldsmobile had scooted sideways and traveled 17 feet after the first impact with the Bishop Chevrolet, and the plaintiff's Ford moved approximately 1 foot east after the second impact with defendant's Oldsmobile; that the Bishop Chevrolet spun in a clockwise manner and came to rest upon the south curb (east of the intersection) and facing in a southwesterly direction; and that the surface of the road at the intersection was dry asphalt.

The defendant asked Officer McKittrick the following question:

Q. "Would you tell the jury, Officer McKittrick, based upon all these things, the number of feet of skid marks, the type of skid marks you found in this instance left by the Bishop vehicle, the damage done to all the vehicles, the direction and distance that all of the vehicles traveled after the two impacts which you have described, the condition of the pavement, the weather conditions, and all of these things, taking all of these things into consideration, do you have an opinion, sir, based upon this and your experience in past traffic investigations, of the approximate speed of the Bishop automobile before it had its first impact? Just answer Yes or No."

The plaintiff objected to the qualification of the witness to determine speed based upon any factors except skid marks, for the reason that witness had not had any special schooling or training as regards the other factors.

Over the objection of plaintiff, Officer McKittrick was permitted to give his opinion that the Bishop Chevrolet's speed was between 40 to 43 M.P.H.

On further questioning by plaintiff, the witness testified that based upon 30 feet of skid marks alone, the indicated speed would be less than 35 M.P.H.

An expert witness has been defined as follows:

"An 'expert witness' is one who by reason of special knowledge, study, or education, or special or extensive experience, or special or extensive observation, has knowledge of the subject of inquiry not acquired by persons of ordinary experiences." Small v. Comer, 171 Okl. 418, 43 P.2d 716.

In Ruther v. Tyra, 207 Okl. 112, 247 P.2d 964, the Court held:

"Opinion evidence of duly qualified expert as to the speed of a motor vehicle, traveling upon a highway, based on skid marks on the highway and other physical facts, is admissible."

"Whether or not the qualifications of a witness with respect to knowledge or special experience is sufficiently established is a preliminary question for determination by the trial judge, and his ruling thereon will not be disturbed in the absence of a showing of abuse of judicial discretion."

See, also, Continental Oil Co. v. Elias, Okl., 307 P.2d 849, 859, and Tuck v. Buller, Okl., 311 P.2d 212, 66 A.L.R.2d 1043.

From a review of the case as above set forth, we hold that the trial court did not abuse its discretion in holding that Officer McKittrick was qualified to give opinion as to the speed of the Bishop automobile, or in admitting his testimony in evidence.

Affirmed.

WILLIAMS, P. J., and POWERS, J., concur.