Robert E. SHIPMAN, Appellee,

v.

CRAIG AYERS CHEVROLET, INC., Appellant.

No. 47528.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 30, 1975.

Released for Publication by Order of Court of Appeals Oct. 23, 1975.

Kerr, Davis, Irvine, Burbage & Green, by Michael E. Krasnow, Oklahoma City, for appellee.

Robert H. Mitchell, C. H. Spearman, Jr., Oklahoma City, for appellant.

ROMANG, Presiding Judge:

This is a suit for damages for conversion of an automobile and for punitive damages.

Defendant's verified Answer reads in its entirety:

"COMES now the defendant and for answer to the petition of the plaintiff filed herein denies each and every material allegation therein contained."

After the taking of depositions and the entering of a stipulation of facts by the parties, defendant filed a Motion for Summary Judgment, which, upon hearing, was sustained by the trial court.

Plaintiff appealed to the Supreme Court of Oklahoma which assigned the case to the Court of Appeals, Division No. 2. In an opinion appearing in the Oklahoma Bar Journal of April 7, 1973, at page 1327, the Court of Appeals said:

"Rescission can take place only pursuant to 15 O.S.1971 § 233, which provides:

" 'A party to a contract may rescind the same in the following cases only:

" '1. If the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party.

" '2. If through the fault of the party as to whom he rescinds, the consideration for his obligation fails in whole or in part.

" '3. If such consideration becomes entirely void from any cause.

" '4. If such consideration, before it is rendered to him, fails in a material respect, from any cause; or,

" '5. By consent of all the other parties.'

"Nothing in the record indicates that sub-sections 1 through 4 apply, so necessarily the trial court decided as a matter of law that appellant consented to the rescission. However, the mere returning of the money and trade-in and the receipt of it by appellant does not constitute a rescission. This action goes to the mitigation of damages by avoidance

of loss, which could, of course, reduce them to a merely nominal sum.

* * * * * *

"The question of rescission is clearly one of fact that is unresolved by the present state of the record. 'Whether a contract is rescinded or abandoned is ordinarily a question of fact to be determined by the court or jury from all the facts and circumstances of the particular case.' *Campbell v. Johnson,* 131 Okl. 79, 267 P. 661 (1928). Summary judgment should be granted only 'if it appears that there is no substantial controversy as to any material fact . . . .' 12 O.S. 1971, ch. 2, App., Rule 13. Granting summary judgment for defendant in the circumstances of this case was error, and the case should be returned to the trial court for trial.

* * * * * *

"Thus, if it were decided that the contract was rescinded, appellant having mere possession would not have a cause of action in conversion against appellee, the true owner.

"The case must be reversed for a trial upon the question of whether the actions of the parties constituted a rescission of the contract, and upon the conversion issue if there was no rescission."

This case was remanded and tried. In the trial and at the close of all the evidence, plaintiff moved for a directed verdict on the issue of liability. The motion was sustained, and the jury was instructed on the issue of damages. Thereafter the jury returned a verdict allowing both compensatory and punitive damages.

Defendant has appealed, and its first proposition for reversal reads:

"The court erred in failing to submit to the jury the question of the existence of a contract between plaintiff and this defendant."

■■■ As shown by the opinion in the first appeal, quoted above, defendant's Motion for Summary Judgment was sustained on the ground that there had been a rescis-sion of the transaction, which means that there had been a sale. Thus defendant's position in this second appeal is contra to what it was in the first appeal, for defendant is now contending that there never was a sale of the subject automobile.

Our Supreme Court has held numerous times that a party is bound in the appellate court by the theory on which the case is tried. *Chrysler Corp. v. Walter E. Allen, Inc.,* Okl., 375 P.2d 878. We know of no reason as to why the same rule would not apply about switching theories when there is more than one appeal in the same case.

In *Small v. Comer,* 171 Okl. 418, 43 P.2d 716 (1935), the court said:

". . . [A] party cannot in fact have inconsistent defenses. It is impossible that a thing may be true and untrue at the same time. For this reason parties are not allowed to set up inconsistent defenses, for such defenses carry falsehood upon their face."

The background facts relating to the instant case are briefly as follows:

■■■ The defendant is a Chevrolet new car dealership, and at all times involved, plaintiff was dealing with one of its salesmen, a Mr. Hahn. On September 5, 1970, plaintiff went to defendant's place of business for the purpose of buying a new car. He talked to Mr. Hahn. Plaintiff offered his old car and $2,800.00 for a certain new car. This offer was refused, but Mr. Hahn told plaintiff of a 1970 Chevrolet Impala demonstrator, which was not at said place of business, but which plaintiff could have for his old car and $2,800.00. On September 8, 1970, Mr. Hahn delivered the Impala to plaintiff at his home so plaintiff could drive it. On September 9, 1970, plaintiff drove the Impala to defendant's place of business and informed Mr. Hahn that he had decided to buy it, and on the same date plaintiff gave Mr. Hahn a check in the amount of $2,800.00 and left his old car in the possession of defendant. Also on that date, plaintiff requested that a loose thread on the upholstery be resewn, and that a small scratch on the outside of

the car be touched up. Although plaintiff was told to take the car and bring it back at a later date, he left it in the possession of the defendant for the purpose of said repairs. On September 12, 1970, after said repairs had been made, plaintiff went to defendant's place of business and was told that defendant wanted $150.00 more. Plaintiff refused to pay any more, and demanded possession of the Impala, but defendant refused to deliver possession of it. Defendant then tendered back to plaintiff the car traded-in, and the $2,800.00 check, but plaintiff refused to accept either. On September 15, 1970, plaintiff's attorney, acting on behalf of plaintiff, demanded possession of the Impala, but the demand was refused. Thereafter on the same date, plaintiff went to defendant's place of business and received from defendant the $2,800.00 check and his old car. Thereafter this suit was filed for conversion of the Impala and for punitive damages. The jury verdict was for compensatory damages in the amount of $350.00, and punitive damages in the amount of $3,100.00.

Under the evidence herein we can only conclude that the plaintiff did what he was forced to do to mitigate his damages. There is no evidence of any voluntary rescission on the part of the plaintiff, but on the contrary, the evidence is conclusive that plaintiff never intended to rescind at any time. In our opinion, the evidence is also conclusive that there was a sale of the Impala to the plaintiff.

12A O.S.1971, § 2–201(3) provides in part:

"A contract which does not satisfy the requirements of subsection (1) (requiring a writing) but which is valid in other respects is enforceable . . . (c) with respect to goods for which payment has been made and accepted or which has been received and accepted."

The comments to the Uniform Commercial Code contained in Oklahoma Statutes Annotated, reads:

"Receipt and acceptance either of goods or of the price constitutes an un-ambiguous overt admission by both parties that a contract actually exists.

. . . . . .

"Part performance by the buyer requires the delivery of something by him that is accepted by the seller as such performance. Thus, part payment may be made by money or check, accepted by the seller. If the agreed price consists of goods or services, then they must also have been delivered and accepted."

We conclude under the undisputed facts in evidence, that the trial court properly instructed a verdict for plaintiff on the issue of liability.

■ Defendant's second and final proposition reads as follows:

"The court erred in allowing the issue of punitive damages to be submitted to the jury when there was no evidence sufficient to support award of punitive damages."

Defendant contends that even if a conversion did occur, there was no evidence to support a submission of the issue of punitive damages to the jury. In this regard, if defendant objected to the trial court's instruction on punitive damages, it has not come to our attention. In the absence of fundamental error, instructions not excepted to, cannot be raised as error on appeal. See *Pittman v. Oklahoma Natural Gas Co.*, 205 Okl. 371, 237 P.2d 1016, and *Reeves v. Melton*, Okl.Ct.App., 518 P.2d 57.

In *Fawcett Publications, Inc. v. Morris*, Okl., 377 P.2d 42, the court said:

"It is well settled that in an action wherein punitive damages are proper, evidence of the financial worth of the defendant is competent and admissible."

In *Sunray DX Oil Company v. Brown*, Okl., 477 P.2d 67, the Oklahoma Supreme Court after quoting 23 O.S.1971, § 9, pertaining to punitive damages, said:

"This statute has been considered in a number of cases in this jurisdiction and we have consistently held that such damages are not limited to cases where there is direct evidence of fraud, malice, or

gross negligence, but that such damages may be allowed when there is such recklessness and wanton disregard of another's right that malice and evil intent may be inferred."

In *Ford Motor Credit Company v. Goings,* Okl.Ct.App., 527 P.2d 603, the Oklahoma Court of Appeals, Division No. 2, held:

"In the case at bar, the cumulative impact of circumstances provides ample basis to support a finding of oppression and malice on the part of plaintiff Ford Credit in the repossession and detention of the automobile . . .."

In *Cates v. Darland,* Okl., 537 P.2d 336, the opinion reads:

"The case of *Garland Coal and Mining Co. v. Few,* 267 F.2d 785 [10th Cir. 1959], cited by Appellant, considers the Oklahoma exemplary damage statute, 23 O.S.1971, § 9, and the specified purposes as being both to punish the offender and to benefit the general public. It holds that the question of the amount necessary to properly punish the Appellant and to benefit the general public is best left to the judgment of the jury, where no flagrant abuse or error has occurred. . . ."

 We conclude that the cumulative effect of the actions of the defendant in demanding $150.00 more and in refusing to let the plaintiff have possession of the car, was sufficient, under the facts and circumstances shown, to sustain a finding that the defendant acted in reckless and wanton disregard of the rights of the plaintiff. We further conclude that the amount of punitive damages set by the jury is not excessive, and we find no abuse nor error in regard thereto.

Affirmed.

REYNOLDS and BOX, JJ., concur.