**Don YOUNG, Appellant,**

v.

**Ron THOMAS d/b/a Butches Collision Repair, Appellee.**

No. 87748.

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 10, 1996.

R. Scott Adams, White & Adams, P.C., Oklahoma City, for Appellant.

Matthew L. Gee, Jeffrey S. Hart, Oklahoma City, for Appellee.

## OPINION

BUETTNER, Judge:

In this action for breach of contract and fraud, Appellant Don Young (Young) seeks review of the trial court's order granting summary judgment for Appellee Ron Thomas (Thomas). The appeal is filed without briefing pursuant to the accelerated procedure under Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1995, Ch. 15, App. 2.

Young initiated this action November 14, 1995 claiming Thomas breached an agreement to repair Young's truck. Young alleged Thomas had told him the repair work would cost between $700.00 and $900.00. Instead Thomas asked for $1,600.40 even though the work was never fully completed; Thomas had not returned the truck; and Thomas had given notice of his intention to sell the truck without Young's consent.

In his answer, Thomas denied he had provided Young the $700.00–$900.00 estimate. He further alleged that he had completed the agreed work, that Young had never tendered payment for the repairs, and that the truck had been sold in accordance with statute after Young had been given notice. The record reflects the sale was held on August 29, 1995, and that in the absence of other bidders, Thomas purchased the truck for the amount of repairs and storage he claimed was due.

In the pretrial order Young alleged fraud, in addition to breach of contract, as a ground for recovery. The trial court granted summary judgment in favor of Thomas without specifying its reasoning. The court subsequently granted Thomas' Motion to Assess Attorney Fees. On appeal, Young's single contention alleging error in granting Thomas' motion for summary judgment is that "many facts were in substantial controversy," and "[t]he trial court erred in granting attorney fees to the Defendant."

Summary judgment is appropriate where it appears there is no substantial controversy as to any material fact, and that a party is entitled to judgment as a matter of law. *First State Bank v. Diamond Plastics,* 891 P.2d 1262, 1266 (Okla.1995).

Thomas' motion for summary judgment included his affidavit which states that Young brought a pickup to him in January 1995; the repairs were worth $1,660.40; he stored the truck until August 1995 at which time he started Title 42 foreclosure proceedings; the storage cost was $1,880.00; and he purchased the truck at the foreclosure sale for $3,578.40. While the motion also contains a statement dated February 23, 1995 for $1,660.40, the affidavit does not say that the statement was ever given to Young. In addition, the Notice of Sale attached to the motion indicates notice was given to Glen Rabe Motors, but there is no indication that notice was given to Young. Finally, the motion contained a letter dated August 23, 1995 from Young's attorney. The letter indicated Young was aware of the impending foreclosure sale August 29, 1995, objected to the sale and requested an itemized statement of repairs and any demand for payment previously provided to Young.

Young's response to Thomas' motion for summary judgment includes Young's affida-

vit stating that Young owned the truck and that when he took the truck to Thomas, Thomas gave him a repair estimate of about $700.00. The affidavit also stated that the repair work was never completed; that Young never received a bill for the repair work; and that Thomas sold the truck pursuant to a lien statute without providing proper notice to Young.

Young also attached an extract from his deposition in which he testified that he did not purchase the truck until April 1995, and that he went by the shop in late July or early August and the truck was sitting by the fence unrepaired.

An extract of Thomas' deposition, attached to Young's response, indicates that the truck repairs were not completed in April 1995 because Thomas was still waiting on a grille and bumper. Thomas did not submit a bill to Young at that time, nor did he call Young to advise him that the bill was due and Thomas was going to foreclose on his lien.

Where one party moves for summary judgment and sets forth evidence which shows no controversy as to material facts, the burden of proof shifts to the opposing party to present evidence which would justify trial on the issue. *American Nat'l. Bank & Trust Co. of Shawnee v. Clarke & Van Wagner*, 692 P.2d 61 (Okla.App.1984). Young met that burden.

The evidentiary materials demonstrate substantial controversy as to material facts. These include the terms of the repair contract, whether Thomas or Young breached the repair contract, and whether Thomas fraudulently utilized the procedures in 42 O.S.1991 § 91 to foreclose his garagemen's lien.

The trial court erred in granting summary judgment for Thomas when there were material issues of fact remaining in controversy. The trial court's judgment is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

JOPLIN, J., concurs.

HANSEN, P.J., dissents with separate opinion.

HANSEN, Presiding Judge: dissenting;

I agree with the conclusion that this matter must be remanded to the trial court because material issues of fact remain in controversy, but not for the reasons expressed in the majority's opinion. The majority erroneously bases its determination on issues relating to Young's purported breach of contract and fraud claims, when the record reveals Young could not have recovered on those theories below. Thomas was therefore entitled to judgment as a matter of law on those theories. For the reasons set forth below, the material issues of fact remaining in controversy instead relate to the theory of *conversion,* which the record supports but the majority omits to consider.

Fraud is one of the few exceptions to Oklahoma's "notice pleading" rule. In all averments of fraud, the circumstances alleged to constitute fraud must be stated with particularity. 12 O.S.1991 § 2009. I do not find that requisite particularity. As noted by the majority, Young did not assert his fraud claim until the pretrial conference. The statement of Young's factual contentions in the Pretrial Conference Order is substantially the same as in his Petition, with only the terse addition that Thomas had sold the truck over Young's objection. In that Order, there is no connection made between any facts and circumstance and Young's claim for fraud.

Even *presuming* Young's fraud claim was averred with sufficient particularity, I do not find the evidentiary material of record could support such a claim. To establish actionable fraud, Young must prove, among other things, that Thomas made false material misrepresentations that induced him to take some action that proximately cause him injury. Young does not establish that Thomas' misrepresentations, if any, induced him to act. I find nothing in the record to prove Thomas made any material misrepresentation that induced Young to act so as to facilitate Thomas' alleged fraudulent foreclosure of the lien on the truck.

The majority cites *American Nat'l. Bank & Trust Co. of Shawnee v. Clarke & Van*

*Wagner,* 692 P.2d 61 (Okla.App.1984), for the proposition that where one party moves for summary judgment and sets forth evidence which shows no controversy as to material facts, the burden of proof shifts to the opposing party to present evidence which would justify trial on the issue. Contrary to the majority's view, I find Young failed to meet that burden with respect to the fraud claim. The trial court's ruling on summary judgment must be based on the record actually presented, not on that which is potentially possible. *Frey v. Independence Fire and Casualty Co.,* 698 P.2d 17 (Okla.1985).

To prevail on his breach of contract claim, Young would have to prove [1] a contract was formed between Thomas and himself, [2] that Thomas breached the contract in a certain way, and [3] that he suffered damages as a direct result of Thomas' breach. *Thompson v. Phillips Pipe Line Company,* 200 Kan. 669, 438 P.2d 146 (1968).[1] The contract alleged by Young, and that supported by his evidentiary materials, was that Thomas would repair Young's truck for a certain amount. Young allowed Thomas to have possession of the truck to accomplish the repairs, but that possession was peripheral to the actual contract. However, the damages Young sought were for Thomas' refusal to return the truck, not for failure to complete the contracted repairs or for overcharging for those repairs.

Even if Young were able to prove Thomas somehow breached their contract for repair of the truck, he would be unable to prove he suffered a loss as a direct result of that breach. Young did not pay for unaccomplished repairs, pay more than the agreed price for the repair work, or suffer diminution in the value of his truck. Young's actual damages claim is for loss of the truck. Because Thomas had sold the truck over two months before Young filed his Petition, the alleged breaches of contract by failure to repair and overcharging were never actually

in issue, and those questions were, and are, moot.

Although he never denominates it as such, the statements of Young's claim in his Petition and in the Pretrial Conference Order more accurately allege a *conversion* of his truck by Thomas. Conversion is any act of dominion wrongfully exercised over another's personal property inconsistently with the other's right in the property. *Steenbergen v. First Federal Savings and Loan of Chickasha,* 753 P.2d 1330 (Okla.1987). It is not necessary that the property come into the alleged converter's possession wrongfully. *Steenbergen,* at 1332.

Young claimed Thomas had possession of his truck, would not return it and sold it over his objection. These claims support a theory of recovery in conversion.[2] Young, however, did not *expressly* set forth a claim under that theory. Oklahoma has not decided if it is necessary to correctly specify the theory upon which a plaintiff relies. The federal courts have, however, considered that issue with reference to Federal Rule of Civil Procedure 8, from which 12 O.S.1991 § 2008, our general rules of pleading, was adopted.

The federal courts have consistently held a plaintiff need not set forth a legal theory on which the plaintiff relies if the pleaded facts are sufficient to state a claim showing entitlement to any relief. See, *e.g., Bartholet v. Reishauer A.G,* 953 F.2d 1073 (7th Cir.1992). In *Bartholet,* the Circuit Court held specifying an incorrect theory is not fatal if the facts alleged are sufficient. An important factor in the federal courts' reasoning is the ability of the defendant to prepare a responsive pleading.

In fact, the substance of Thomas' Answer and Motion for Summary Judgment was that his foreclosure of the statutory lien on the truck in accordance with 42 O.S.1991 § 91 served as a defense of Young's claims. He

---

1. I am unaware of any Oklahoma cases listing the elements of a breach of contract. *See,* Comments to Inst. 23.1, Oklahoma Uniform Jury Instructions—Civil (Second Ed.).

2. See, *e.g., Segars v. Classen Garage and Service Co.,* 612 P.2d 293 (Okla.App.1980) (Suit for conversion when garage refused to deliver posses-

sion of automobile after repairs); *Shipman v. Craig Ayers Chevrolet, Inc.,* 541 P.2d 876 (Okla. App.1975) (Suit for conversion against car dealership who refused to deliver automobile when buyer refused to pay money in addition to agreed price, following requested minor repairs.)

clearly understood the gravamen of Young's allegations was that Thomas had wrongfully refused to return the truck.

Section 91 provides a "garageman's" lien when one who is in lawful possession of personal property "renders any service to the owner thereof by furnishing material, labor or skill for the protection, improvement, safekeeping, towing, storage or carriage thereof." This special lien "is for the compensation, if any, which is due to [the lienor] from the owner for such service."

Foreclosure procedure for a § 91 lien is by statutory private sale, not judicial process. The procedural requirements are minimal, essentially only mandating notice to owners and other interested parties at least ten days in advance of the sale. There is no prescribed method for the owner/lienee to respond to the notice of sale, nor is there any statutory authority for judicial confirmation, review or appeal. Section 91 allows the lienor to purchase the property sold if the lienor does so "in good faith".

In his motion for summary judgment, Thomas asserts he complied with the dictates of § 91 in selling and buying the truck. He argues Young "cannot now file a new lawsuit and assert a claim regarding the truck". Thomas cites no authority for this proposition in his motion. While Young may have been remiss in failing to preserve his interest in the truck *prior* to the lien sale, I am unpersuaded he was legally barred, *after* the sale, from pursuing recompensation for the alleged conversion.

If Young was the truck's owner, and he claims in his affidavit that he was, he had a legally protected interest in the truck. Thomas' defense to Young's claim was that he was entitled to a lien against the truck for services and storage, and that he properly foreclosed on the lien according to the dictates of § 91. Thomas' affirmative defense presents questions of fact. I find that material facts relating to the defense remain in controversy.

Among other things, § 91 gives a special lien to garagemen for "the compensation, if any, which is due to him from the owner for ... service". The services Thomas claims are repairs and storage. Young asserts the agreed repairs were never completed. That calls into question what, if any, compensation Thomas was due to support the statutory lien.

At the time of the sale, Thomas claimed he was owed $1,880.00 for storage of the truck from February 23, 1995, to August 29, 1995. Young counters that he last saw the truck in late July or early August 1995, and the work had not been completed. The question of when the work was completed goes not only to how much, if any, storage fees Thomas may have been entitled to, but also is relevant to a determination as to when the lien may have accrued. Section 91(A)(5) mandates that the proceedings for foreclosure shall not be commenced until thirty days after the lien has accrued.

Additionally, § 91(A)(4) provides that the lienor may purchase the property "in good faith". The letter sent by Young's counsel, and admittedly received by Thomas the day before the sale, not only objected to the sale, but asked for an itemized statement for alleged repairs and any statement for demand of payment that Thomas had sent to Young. This could be interpreted by a finder of fact as showing Young's willingness to pay for completed repairs. Thomas nonetheless held the sale without communicating with Young or his counsel, and purchased the truck for the amount of claimed compensation due him.

Because the truck was worth considerably more than the claimed compensation, it could be argued that Thomas' interest was in profiting from the subsequent sale of the truck, and not in being compensated for his services. Thomas' good faith was in question. Where there is conflicting evidence, the question of good faith is one for the jury. *Also-brook v. National Travelers Life Insurance Company,* 852 P.2d 768 (Okla.App.1993). Also see, *Holliman v. Ed Grier Volkswagen, Inc.,* 554 P.2d 117 (Okla.App.1976) (Jury awarded punitive damages for bad faith "willful and wanton" conversion of an automobile).

The trial court erred in granting summary judgment for Thomas when there were material issues of fact remaining in controversy as to Young's claim for conversion. For that reason alone, the trial court's judgment

should be reversed and this matter remanded to the trial court.